In the Matter of the Claim of EDWARD FOSTER, Respondent, against GILLINDER BROS., INC., et al., Appellants. STATE INDUSTRIAL BOARD, Respondent.

Argued May 18, 1938; decided July 7, 1938.

*Clarence B. Tippett* for appellants. It is error to charge the employer and carrier with an award for left inguinal hernia as an occupational disease since it is not such as was intended for inclusion within the intent and meaning of paragraph 28 of subdivision 2 of section 3 of the Workmen's Compensation Law (Cons. Laws, ch. 67), and the findings and conclusions of the State Industrial Board are not competently sustained in fact or in law. (*Matter of Goldberg v. 954 Marcy Corp.*, 267 N. Y. 313; *Matter of Nielsen v. Firemen's Fund Indemnity Co.*, 239 App. Div. 239; *Matter of Aylesworth v. Phoenix Cheese Co.*, 170 App. Div. 34; *Matter of Wilson v. Dorflinger & Sons*, 218 N. Y. 84; *Matter of Stoerzer v. City of New York*, 267 N. Y. 339; *Pardy v. Boomhower Grocery*

*Co.*, 178 App. Div. 347; *Matter of Sickles* v. *Ballston R. S. Co.*, 171 App. Div. 108; *Madeo* v. *Dibner & Bro., Inc.*, 186 Atl. Rep. 616; *Matter of Lerner* v. *Rump Bros.*, 241 N. Y. 153; *Matter of Alpert* v. *Powers*, 223 N. Y. 97.)

*John J. Bennett, Jr., Attorney-General* (*Roy Wiedersum* of counsel), for State Industrial Board, respondent. The disability of the claimant was due to an occupational disease within the meaning of the Workmen's Compensation Law. (*Goldberg* v. *954 Marcy Ave. Corp.*, 276 N. Y. 313; *Matter of Alpert* v. *Powers*, 233 N. Y. 97; *Matter of Bishop* v. *Comer & Pollack, Inc.*, 251 App. Div. 492; *Travelers Ins. Co.* v. *Locke*, 56 Fed. Rep. [2d] 443; *Marathon Paper Mills Co.* v. *Industrial Comm.*, 203 Wis. 17.)

*Per Curiam.* Respondent was employed as a glass gatherer and used an implement known as a " punny," weighing about ten pounds. The finding, supported by evidence, is that the continuous gathering and lifting of glass from a furnace involved a constant twisting and straining of the body. This process, from gradual stretching, resulted in a hernia which is a disease. (*Matter of Alpert* v. *Powers*, 223 N. Y. 97, 101.) There is medical testimony that claimant's occupation would produce this disease and there are judicial decisions in other jurisdictions holding that hernia is an occupational disease. (*Marathon Paper Mills Co.* v. *Industrial Comm.*, 203 Wis. 17; *Travellers' Ins. Co.* v. *Locke*, 56 Fed. Rep. [2d] 443, 444.)

The order should be affirmed, with costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Order affirmed.