In the Matter of the Claim of H. N. HUBERT, Respondent, against NEW YORK RUBBER CORPORATION and (AMERICAN) LUMBERMEN'S MUTUAL CASUALTY COMPANY OF ILLINOIS, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal from award of workmen's compensation. The questions presented are whether claimant was an independent contractor or an employee, extraterritoriality and extent of reduced earnings. The evidence sustains the findings and award. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Claim of Mrs. HELEN STACHOWIAK, Respondent, against O'ROURKE BAKING CO., INC., and LONDON GUARANTEE & ACCIDENT COMPANY, LTD., Appellants. STATE INDUSTRIAL BOARD, Respondent.— This is an appeal from an award of death benefits payable by the employer and insurance carrier to the dependent mother and minor sister of the deceased employee. On February 3, 1936, the deceased employee, while engaged in his regular occupation, burned his right arm by coming in contact with an electric heater plate. As a result of such burn an infection developed which caused his death on November 30, 1936. The State Industrial Board found that the deceased received sixteen dollars a week for his services and that his mother and sister were dependent upon him for support. The proof sustains this finding. The Board also found that deceased, a minor, was illegally employed in violation of section 171, subdivision 2, of the Labor Law, in that he was employed between the hours of twelve midnight and six o'clock in the morning. This finding is in accordance with the evidence. The State Industrial Board made an award of double compensation for double earnings pursuant to the provisions of section 14-a of the Workmen's Compensation Law. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Claim of WILLIAM BETTCHER, Respondent, against E. I. DU PONT DE NEMOURS & COMPANY, Appellant. STATE INDUSTRIAL BOARD, Respondent.— The State Industrial Board has made findings that claimant contracted a right inguinal hernia as an occupational disease, arising from the nature of his employment, which necessitated the continuous lifting and carrying of heavy objects, weighing approximately 150 to 156 pounds, and from the fact that he was subjected to constant strain from such lifting. A physician testifies as to causal relation: " Q. In your opinion, could the condition which he has, be brought about as the result of the work which he had been doing, assuming, of course, that he did not have any hernia there before he went to work there? * * * A. Yes, I think it would. I understand he followed this over a period of about sixteen months." Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.