Claimant is a plumber. He was injured in 1936 while carrying a bathtub. It has been found on sufficient medical opinion that he suffered a displaced intervertebral disc. The claim then made was closed in 1936 and responsibility for the present results of that accident have been assumed by the Fund for Reopened Cases, which does not appeal. It has been further found, based on medical opinion, that in 1945 heavy work for another employer, the appellant here, brought about “symptoms” of the displaced disc which had been caused by the accident of 1936 and that both the original accident and the work done for the appellant employer together caused a “ ruptured intervertebral disc ” for which surgery was necessary in February, 1946. The award has been divided between the Fund for Reopened Cases and appellants. Appellants argue that the renewed “symptoms”, even if brought on by the work, are not an occupational disease. The board went further, however, than finding symptoms. It found that the work and the original accident contributed to the condition which caused the disability, a “ruptured intervertebral disc”. There is medical opinion supporting this contributing causation of the disability in the heavy work of plumber. The finding is thus one of fact based on substantial evidence. This kind of an occupation can give rise to an occupational disease, as the hernia resulting from the twisting and turning of the glass gatherer in Matter of Foster v. Gillinder Bros. (278 N. Y. 348); the hernia from lifting heavy objects in Matter of Bettcher v. Du Pont de Nemours & Co. (255 App. Div. 734); and the asthma from dust in Matter of Horvath v. Wick-wire Spencer Steel Go. (275 App. Div. 1014). Decision and award unanimously affirmed, with costs to the Workmen’s Compensation Board. Present — Foster, P. J., Heffeman, Brewster, Bergan and Coon, JJ.