■ In the Matter of the Claim of JAMES MINER, Respondent, against DUCHESS FABRICS, INCORPORATED et al., Appellants, and DUCHESS FABRICS, INCORPORATED et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— The board in its decision of January 4, 1957 found claimant suffered a left inguinal hernia, an occupational disease, and established the date of disablement as December 27, 1954. The appellant American Casualty Company argued that claimant's injury resulted from an accident on June 10, 1953 while working for the same employer but insured with the Security Mutual Liability Insurance Company. The record discloses that on June 10, 1953, claimant injured his back and in the course of an examination by Dr. Amos, a left inguinal hernia was discovered and reduced. He received compensation for the back injury for approximately two weeks when he returned to work. In December, 1954, he felt pain in his groin. On examination it was diagnosed as a left inguinal hernia and on January 14, 1955, he underwent surgery to repair the condition. The surgeon thereafter testified it was of long standing "at least a year" and "causally related to the initial injury". Under such circumstances the board was justified in its finding of the contraction of the disease at an earlier time than the date of disablement. From the date of the first accident until the occupational disease in December, 1954, he continued in the same employment for the same employer. The subject of the controversy is caused by a change of insurance carriers between the date of discovery and the date of disablement. Disablement is the cessation of work due to disease and is controlling as to the commencement of compensation. (Matter of Muniak v. ACF Ind., 6 A D 2d 923, reargued and affd. 7 A D 2d 258.) There is authority for the board's finding that an inguinal hernia may be an occupational disease. (Matter of Foster v. Gillinder Bros., 278 N. Y. 348.) Dr. J. B. Shapse testified he first saw the claimant on December 27 and he was totally disabled. The record fails to disclose why compensation payments were not made until January 14, 1955. It apparently was an error and should be corrected and payments made in accordance with section 12 of the Workmen's Compensation Law. There is substantial evidence to sustain the finding of the board of an occupational disease as of December, 1954. Decision and award unanimously affirmed, with costs to respondents. Present — Foster, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.