In the Matter of the Claim of LOUIS C. DETENBECK, Respondent, against GENERAL MOTORS CORPORATION, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.

Argued October 13, 1955; decided February 16, 1956.

*Solon J. Stone, William M. Fay, William A. Bain, Jr., Robert M. Spaulding* and *Frederick W. Danforth, Jr.,* for appellant. The Appellate Division erred when it decided that claimant-respondent's back strain with nerve root irritation constituted an occupational disease. (*Matter of Goldberg* v. *954 Marcy Corp.,* 276 N. Y. 313; *Matter of Harman* v. *Republic Aviation Corp.,* 298 N. Y. 285; *Matter of Champion* v. *Gurley,* 299 N. Y. 406; *Matter of Buckley* v. *Gallagher Bros. Sand & Gravel Corp.,* 300 N. Y. 447; *Matter of Guarnera* v. *Radio Picture Frame Co.,* 267 App. Div. 843; *Matter of Walker* v. *McCarthy,* 276 App. Div. 801; *Matter of Buchanan* v. *Bethlehem Steel Co.,* 278 App. Div. 594, 302 N. Y. 848; *Matter of McLaughlin* v. *Alco Gravure Div. of Pub. Corp.,* 268 App. Div. 839, 294 N. Y. 642; *Matter of Connell* v. *Walsh Constr. Co.,* 265 App. Div. 1024, 290 N. Y. 930; *Matter of Griffin* v. *Griffin & Webster,* 283 App. Div. 145, 306 N. Y. 984.)

*Jacob K. Javits, Attorney-General* (*Daniel Polansky, James O. Moore, Jr.,* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent. I. Ample evidence established that claimant's disability was causally related to and the result of an occupational disease within the scope of section 3 (subd. 2, par. 29) of the Workmen's Compensation Law. (*Matter of Goldberg* v. *954 Marcy Corp.,* 276 N. Y. 313; *Matter of Briggs* v. *Hope's Windows,* 284 App. Div. 1077; *Matter of De Bella* v. *Hotel Windsor,* 284 App. Div. 919; *Matter of Paradiso* v. *Vuozzo,* 277 App. Div. 802, 301 N. Y. 815; *Matter of Zumbolo* v. *Bigelow-Sanford Carpet Co.,* 279 App. Div. 680; *Matter of Piparo* v. *Klar,* 273 App. Div. 935; *Matter of Buchanan* v. *Bethlehem Steel Co.,* 278 App. Div. 594, 302 N. Y. 848; *Matter of Smith* v. *Central Foundry Div., Gen. Motors Corp.,* 274 App. Div. 860; *Matter of Foster* v. *Gillinder Bros.,* 252 App. Div. 903, 278 N. Y. 348; *Matter of Bettcher* v. *du Pont de Nemours & Co.,* 255 App. Div. 734, 280 N. Y. 850; *Matter of Townsend* v. *Union Bag & Paper Corp.,* 307 N. Y. 710; *Matter of Griffin* v. *Griffin & Webster,*

283 App. Div. 145, 306 N. Y. 984; *Matter of O'Neil* v. *American Locomotive Co.*, 276 App. Div. 1043; *Matter of Moore* v. *Colonial Sand & Stone Co.*, 261 App. Div. 857, 285 N. Y. 860; *Matter of Peloso* v. *D'Alessio Bros.*, 272 App. Div. 984, 298 N. Y. 582; *Matter of Pinto* v. *Competent Fur Dressers*, 271 App. Div. 1036, 297 N. Y. 846; *Matter of Condon* v. *National Aniline Div., Allied Chem. & Dye Corp.*, 267 App. Div. 1020; *Matter of Hessinger* v. *City of New York*, 264 App. Div. 802, 289 N. Y. 853; *Matter of Shepardson* v. *Roosevelt Hosp.*, 271 App. Div. 760.)

VAN VOORHIS, J.  Claimant sustained a back injury while employed in appellant's industrial plant in Buffalo, New York. The nature of the work in which he was engaged was not such as to produce disabilities of this description among the rank and file of men.  This condition in claimant's case was due to a congenital defect of the spine.  He has not been held to have sustained an industrial accident; workmen's compensation has been awarded upon the theory that he is the victim of an occupational disease.  In affirming, the Appellate Division thus summarized the undisputed facts: "While a normal person would not have been affected it is rather clear that all employees who had the same weakness would in all probability be similarly affected", but added: "This is sufficient to bring the condition within the classification of an occupational disease."  We think that the legal conclusion contained in the second sentence has not been correctly drawn from the facts stated in the first sentence.  The rule regarding occupational diseases differs from that concerning industrial accidents, in that an accident resulting in disability is compensable even though it would not have occurred unless the employee had been predisposed to it through some pre-existing physical defect.  "An ailment does not become an occupational disease simply because it is contracted on the employer's premises.  It must be one which is commonly regarded as natural to, inhering in, an incident and concomitant of, the work in question.  There must be a recognizable link between the disease and some distinctive feature of the claimant's job, common to all jobs of that sort.  As this court observed in *Matter of Goldberg* v. *954 Marcy Corp.* (276 N. Y. 313, 318–319), an occupational disease is one 'which results from the nature of the employment, and by nature is meant * * *

conditions to which all employees of a class are subject, and which produce the disease as a natural incident of a particular occupation, and attach to that occupation a hazard which distinguishes it from the usual run of occupations and is in excess of the hazard attending employment in general.' " (*Matter of Harman* v. *Republic Aviation Corp.*, 298 N. Y. 285, 288; *Matter of Champion* v. *Gurley*, 299 N. Y. 406.)

Although this claimant incurred his disability while working for appellant, the nature of his employment was not such as to have a tendency to induce a similar malady in the average workman. Insofar as it caused this result, the work in which he was engaged simply amounted to the ordinary wear and tear of life impinging on the infirmity with which this man had been born and which he had carried with him during all of his previous life. That is not what the Legislature intended to cover by " Any and all occupational diseases " in paragraph 29 of subdivision 2 of section 3 of the Workmen's Compensation Law. As was said in *Matter of Harman* v. *Republic Aviation Corp.* (*supra*, p. 287): " A contrary decision, approval of the award, would transform workmen's compensation into life and health insurance." It would encroach upon the field of the disability benefits law enacted by chapter 600 of the Laws of 1949, whereunder " ' Disability ' during employment means the inability of an employee, as a result of injury or sickness not arising out of and in the course of employment, to perform the regular duties of his employment " (§ 201, subd. 8).

Certain awards for occupational diseases have been affirmed, to be sure, where the claimant suffered from pre-existing physical defects (*Matter of Pinto* v. *Competent Fur Dressers,* 297 N. Y. 846; *Matter of Peloso* v. *D'Alessio Bros.*, 298 N. Y. 582), but it is important to note that in the subsequent case of *Matter of Champion* v. *Gurley* (299 N. Y. 406) the rule was reaffirmed that had been enunciated previously in the leading cases of *Matter of Goldberg* v. *954 Marcy Corp.* (276 N. Y. 313), *Matter of Harman* v. *Republic Aviation Corp.* (298 N. Y. 285, *supra*), and the cases cited therein. These decisions involving pre-existing defects hold that predisposition of an employee to an occupational disease does not prevent him from having the benefit of workmen's compensation, if he develops what would ordinarily be an occupational disease; that, likewise,

appears to be the purport of the affirmance of the awards in *Matter of Buchanan* v. *Bethlehem Steel Co.* (302 N. Y. 848) and *Matter of Townsend* v. *Union Bag & Paper Corp.* (307 N. Y. 710). An employee who is physically handicapped may contract an occupational disease more easily because of his weakened condition, but the test of what is an occupational disease is the same whether the employee is decrepit or in normal health. There must be a recognizable link between the disease and some distinctive feature of the claimant's job. This test is not met where disability is caused by an aggravation of a condition which is not occupational in nature. If an employee contracts an occupational disease, he is not to be prejudiced by reason of a pre-existing illness or defect, but neither is he to be preferred over other employees by creating a different class of compensable disabilities for his benefit.

The order appealed from should be reversed and the claim dismissed.

FROESSEL, J. (dissenting). In August, 1947, claimant commenced working for appellant, a manufacturer of motor cars, as an inspector in the piston department. He had a congenitally weak back, but it had never troubled him before. The duties of this job required no lifting. In July, 1951, he was transferred to the salvage department, where he was also called an inspector, although he stated he did not know why. As such, he was required as a relief man to check cylinder bores and fill in reports, but, in addition thereto, he had to go around the plant with a cart and pick up scrap, marking it for salvage.

One out of every two or three days it was his duty to pick up between 30 and 40 engine cases, and sometimes as many as 60, each weighing about 176 pounds. He would be required, without assistance, to place the first layer on the cart by tipping the case upward and sliding it on; he would then secure someone to help him with the next layer. About once a month he would also have to remove pans of camshaft bearings, which were likewise too heavy to be lifted and were slid onto a cart. Claimant was additionally required to load on cars bushings from the piston department, which were placed in barrels weighing over 100 pounds, and then remove them. He usually did this work alone.

In September, 1951, claimant felt pains in the left side of his spine. In November or December, 1951, he reported these pains to the company doctor, who suggested heat treatment and the use of a bed board. Claimant nevertheless continued work on the same job until September, 1952, except for two periods of six weeks each, during one of which he was disabled by an unrelated illness, and during another he was laid off when the plant was closed. In September he went to the hospital for tests, after which he attempted to return to work, but was compelled to discontinue because of his back.

The board found that " the evidence supports the Referee finding of a causally related occupational disease under Section 3, Subdivision 2, Paragraph 29 " of the Workmen's Compensation Law, and the Appellate Division unanimously affirmed. Paragraph 29 was first added as paragraph 28 to said subdivision 2 by chapter 254 of the Laws of 1935. The previous paragraphs describe specific diseases as well as the process in each case in which it must be contracted in order to make it compensable. Paragraph 28 (now 29) supplemented the scheduled diseases by adding thereto the broad language " Any and all occupational diseases ", and described the process as " Any and all employments enumerated in subdivision one of section three of this chapter ". Among the employments described as " hazardous " in said subdivision is claimant's present employment: — " Manufacture of   *   *   *   Automobiles " in group 6, and " Work in   *   *   *   Machine shops " in group 14. Thus claimant's occupation is clearly among the hazardous employments and comes within the description of the process associated with paragraph 29.

In addition to the inherent general hazards of such employment, there is evidence in this case, as already noted, that claimant was required to bend, and to lift, push and move heavy engine cases weighing 176 pounds and barrels of defective motor parts each weighing over 100 pounds, which may well be described as " a hazard which distinguishe[d] it from the usual run of occupations and which [was] in excess of the hazard attending employment in general " (*Matter of Goldberg* v. *954 Marcy Corp.*, 276 N. Y. 313, 319).

Inasmuch as the Legislature has used the all-embracing language " Any and all occupational diseases " without limita-

tion other than describing the process in which such disease must be contracted, the courts have been required to decide in specific cases since the enactment of the statute whether or not they came within its provisions.

The majority rely on *Matter of Goldberg* v. *954 Marcy Corp.* (276 N. Y. 313, *supra*); *Matter of Harman* v. *Republic Aviation Corp.* (298 N. Y. 285 [1948]), and *Matter of Champion* v. *Gurley* (299 N. Y. 406 [1949]). *Matter of Goldberg* was decided in 1938, shortly after the enactment of said paragraph 28. It was there held that a cashier selling tickets in an outside ticket booth who sustained skin blotches and numb and weak feet as a result of turning a heater on and off was not suffering from an occupational disease, but we affirmed the award on the ground of accidental injury. There the disease was not caused by the *nature of her employment,* for her work of " handling cash and tickets " in and of itself had nothing to do with the ensuing disability.

In *Matter of Harman* v. *Republic Aviation Corp.* (*supra*) claimant, a worker in a well-ventilated tool shop, contracted tuberculosis from a fellow employee. We reversed the award, holding that claimant's ailment was not an occupational disease, that the hazard was his fellow worker " and not any condition that inhered in the nature of the employment itself ", and distinguished that case from *Matter of Hessinger* v. *City of New York* (264 App. Div. 802, motion for leave to appeal denied 289 N. Y. 853); *Matter of Shepardson* v. *Roosevelt Hosp.* (271 App. Div. 760); *Matter of Yearich* v. *Roosevelt Hosp.* (264 App. Div. 961, motion for leave to appeal denied 289 N. Y. 854); *Matter of Vanore* v. *Mary Immaculate Hosp.* (285 N. Y. 631); *Matter of Mason* v. *Y. W. C. A. of City of New York* (271 App. Div. 1042, motion for leave to appeal denied 297 N. Y. 1037).

In *Matter of Champion* v. *Gurley* (*supra*) claimant was an inspector of surveying instruments. The onset of thrombophlebitis followed jumping down from a raised platform on which claimant's desk was " temporarily located " for a few weeks. We again reversed the award, stating (p. 408) that the exposure was like that " of the claimant to the tuberculosis suffered by a fellow bench worker in the *Harman* case " (*supra*), and that the " incident described as responsible for the onset

of the disease was limited to the claimant's personal, individual situation due to the temporary location of his desk on a platform ".

Thus in each of these cases the disability did not ensue because of the *nature of the particular employment,* but because of the failure of the employer to furnish a proper and safe place to work — an improper heating arrangement, an infected fellow employee, and a raised platform, all *temporary* conditions. It is true that in those cases we added that the disease must be one which resulted wholly from the nature of the employment, and must be a condition to which all workers engaged in that particular occupation would be subject, but the question of a pre-existing dormant physical condition was neither involved nor discussed, as it was in other and later cases which we shall presently consider.

In any event, it is well settled that a judicial opinion, like evidence, is only binding [unless we decide to overrule it] so far as it is relevant, and when it leaves the point at issue it no longer has binding force (*Crane* v. *Bennett,* 177 N. Y. 106, 112; *Colonial City Traction Co.* v. *Kingston City R. R. Co.,* 154 N. Y. 493, 495), and what is said in such opinion must be confined by the facts of the case in which it is uttered (*People ex rel. Desiderio* v. *Conolly,* 238 N. Y. 326, 332; *People ex rel. City of New York* v. *Nixon,* 229 N. Y. 356, 361; *Frechette* v. *Special Magazines,* 285 App. Div. 174, 177). Mindful of those rules, what was actually and necessarily decided in the cases relied on by the majority does not, in the light of the decisions about to be discussed, support their holding here.

In cases where the disability resulted from the nature of the employment, we allowed awards for occupational diseases to stand: (*Matter of Foster* v. *Gillinder Bros.,* 278 N. Y. 348 [1938] [constant twisting and straining of body in lifting glass from furnace]; *Matter of Bettcher* v. *E. I. du Pont de Nemours & Co.,* 255 App. Div. 734 [1938], motion for leave to appeal denied 280 N. Y. 850 [continuous lifting of heavy objects weighing 150–156 pounds]; *Matter of Vanore* v. *Mary Immaculate Hosp.,* 285 N. Y. 631 [1941], *supra,* and *Matter of Yearich* v. *Roosevelt Hosp.,* 264 App. Div. 961 [1942], motion for leave to appeal denied 289 N. Y. 854, *supra* [hospital attendants con-

tracted tuberculosis from patients]; *Matter of Mason* v. *Y. W. C. A. of City of New York,* 271 App. Div. 1042 [1947], motion for leave to appeal denied 297 N. Y. 1037, *supra* [telephone operator contracted tuberculosis from infected telephone equipment]).

We turn then to the cases involving a pre-existing dormant condition which has been activated or aggravated by the nature of the employment. In *Matter of Moore* v. *Colonial Sand & Stone Co.* (261 App. Div. 857 [1941], motion for leave to appeal denied 285 N. Y. 860) an award was allowed on the ground that a pre-existing dormant condition of tuberculosis was aggravated by claimant's occupation as a truck washer and greaser.

In *Matter of Pinto* v. *Competent Fur Dressers* (271 App. Div. 1036, affd. 297 N. Y. 846 [1948]), involving a fur worker, and *Matter of Peloso* v. *D'Alessio Bros.,* 298 N. Y. 582 [1948]) involving a worker in wet and cold areas, we held there may be a finding of an occupational disease when the conditions of the employment merely aggravate a pre-existing dormant condition.

In *Matter of O'Neil* v. *American Locomotive Co.* (276 App. Div. 1043 [1950], motion for leave to appeal denied 301 N. Y. 815), claimant, who operated a degreasing machine, suffered from arrested pulmonary tuberculosis prior to his employment. He became totally disabled due to the nature of his employment, and reactivation of tuberculosis was held to be an occupational disease.

In *Matter of Buchanan* v. *Bethlehem Steel Co.* (278 App. Div. 594, affd. 302 N. Y. 848 [1951]) claimant had a job which also involved considerable lifting and pulling of steel products. He too had a congenitally weak back which contributed to the disability for which an award was made, and affirmed by the Appellate Division. In that court, the majority rejected the argument made in the dissenting opinion that since there was no proof that claimant's condition was a natural incident of his occupation to which all employees of the same class were subject, and inasmuch as, on the contrary, the proof was that people with normal backs would not be thus affected, the award should be reversed. We too disapproved the reasoning of the dissenting opinion by our unanimous affirmance.

In *Matter of Griffin* v. *Griffin & Webster* (283 App. Div. 145, motion for leave to appeal denied 306 N. Y. 984 [1954]),

claimant in an ice plant became totally disabled as the result of the aggravation of a pre-existing condition of arteriosclerosis peripheral vascular disease of the feet and ankles, which aggravation was due to the nature of his employment. There was no proof that his pre-existing condition could have been caused by the occupation — the proof was entirely the other way. The board found that the work aggravated the underlying condition and the aggravation was an occupational disease. The Appellate Division in affirming the award stated (p. 148): "Notwithstanding the implications of exclusive causation in the use of the word 'wholly' under the Washington decision in the *Seattle Can* case *, the actual trend of New York decisional law both in the Court of Appeals and in this court seems to be to examine the end result of the exposure to determine if the occupation itself caused the disablement and, if it did, to hold the disease to be 'occupational' even if the employee brought within himself a predisposition to the disablement shared by no other employee of his class." As noted, we denied leave to appeal.

Most recently, in *Matter of Townsend* v. *Union Bag & Paper Corp.* (282 App. Div. 968, affd. 307 N. Y. 710 [1954]), we affirmed an award for an occupational disease which was based on a finding that the nature of claimant's employment — pushing a hand truck carrying 50-gallon barrels of paste across a concrete floor — had caused the aggravation of a pre-existing congenital condition of flat feet. Once again we rejected appellant's contention that since the work alone did not produce the condition, there was no occupational disease.

The present appeal does not present the case of an ailment merely happening on the employer's premises. There is no issue of causal relationship between claimant's condition and his work. It is true that he had a congenital malformation in his back, but that had never caused him trouble before his present employment. The nature of his work caused the present disablement. His occupation was defined by statute as "hazardous", and the bending, lifting, pushing and moving of heavy engine cases and barrels of metal clearly distinguishes it from

---

* *Seattle Can Co.* v. *Department of Labor & Industries* (147 Wash. 303) cited in the *Harman* case (*supra*), but in effect overruled by *Simpson Logging Co.* v. *Department of Labor & Industries* (32 Wn. 2d 472).

the so-called usual run of occupations. It was more than " the ordinary wear and tear of life impinging on the infirmity with which this man had been born " and which infirmity he carried with him without any difficulty during all of his previous life.

Under the broad definition of paragraph 29, his disablement constituted an occupational disease. We have so held within the last five years in the cases hereinbefore cited, particularly in the *Townsend, Griffin, Buchanan* and *O'Neil* cases (*supra*). We should therefore not refuse to do so again here, mindful at the same time of the rule long since laid down in workmen's compensation cases that the Workmen's Compensation Law is a remedial statute and as such entitled to a liberal construction (*Matter of Commissioner of Taxation & Finance* v. *Nu-Art Adv. Co.,* 271 N. Y. 112). Such has been the trend not only of our decisions, but, according to Larson (Larson on Workmen's Compensation Law, § 41.62), is the majority rule in the country (*Le Lenko* v. *Lee Co.,* 128 Conn. 499; *Giambattista* v. *Thomas A. Edison, Inc.,* 32 N. J. Super. 103 [1954]; *Simpson Logging Co.* v. *Department of Labor & Industries,* 32 Wn. 2d 472, overruling in effect *Seattle Can Co.* v. *Department of Labor & Industries,* 147 Wash. 303; *Samuels* v. *Goodyear Tire & Rubber Co.,* 317 Mich. 149; *Kroger Grocery & Baking Co.* v. *Industrial Comm.,* 239 Wis. 455).

In our view, the court is now about to overrule a line of comparatively recent cases which squarely presented the issue of work-induced aggravation of an employee's pre-existing ailment resulting in disability and in which we allowed awards for an occupational disease under paragraph 29 to stand. We not only prefer to follow them, but deem it our duty to do so.

The order of the Appellate Division should be affirmed, with costs.

DESMOND, FULD and BURKE, JJ., concur with VAN VOORHIS, J.; FROESSEL, J., dissents in an opinion in which CONWAY, Ch. J., concurs; DYE, J., taking no part.

Order of Appellate Division reversed, award of the Workmen's Compensation Board annulled and claim dismissed, with costs in this court and in the Appellate Division against respondent Workmen's Compensation Board.