■        In the Matter of the Claim of HENRY ROGALSKI, Respondent, against ALLEGHENY LUDLUM STEEL CORP., Appellant.    WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by a self-insured employer from a decision of the Workmen's Compensation Board awarding compensation benefits for an alleged occupational disease.    Claimant had been employed by the appellant as a grinder for about six months before June 18, 1951.    On or about that date, he stopped work because of pain in his back.    The claimant claimed that he had suffered an accidental injury to his back, lifting or manipulating a heavy steel bar, on June 18 or 19, 1951.    The board rejected the claim of an accident but found that on or about those dates, "he became disabled due to a radiculitis with *possible* herniated disc of the lower spine, an occupational disease" (italics supplied).    In making this finding, the board apparently adopted the diagnosis given by the claimant's attending physician.    However, it appeared that the physician had been uncertain of his diagnosis and that he had referred the claimant to specialists of his own choosing for further examination.    A spinographic test was performed and an x-ray examination was had and the experts definitely determined that there was no nerve root compression and that there was no ruptured or herniated disc but they were of the opinion that there may have been "intervertebral disc degeneration".    In the light of these reports, the original diagnosis by the attending physician, which was adopted by the board, cannot be regarded as substantial evidence supporting the board's finding (*Matter of Riehl* v. *Town of Amherst*, 308 N. Y. 212).    The board made no finding on the question of whether the claimant was suffering from disc degeneration, as suggested by the claimant's expert consultants.    Furthermore, there was no evidence or finding upon the question of whether the degeneration had been caused by the claimant's employment and whether it was an occupational disease within the meaning of the Workmen's Compensation Law (*Matter of Detenbeck* v. *General Motors Corp.*, 309 N. Y. 558).    Award reversed and the case remitted to the board for further proceedings, with costs against the Workmen's Compensation Board.    Bergan, J. P., Coon, Halpern, Zeller and Gibson, JJ., concur.