■ In the Matter of the Claim of Viola Clancy, Respondent, against Frank Henry et al., Appellants. Workmen's Compensation Board, Respond-

■

ent.— Appeal by employer and carrier from an award of the Workmen's Compensation Board granting disability compensation to claimant. Claimant was a registered practical nurse and was employed by the employer to attend him in his home. On May 21, 1952, claimant filed a claim for compensation, alleging that in October of 1951, while working for the employer, she sustained a hernia and injuries to her back while pulling her patient, the employer, up in bed; and that on April 12, 1952, she became totally disabled due to an aggravation of the hernia. The record is unsatisfactory on the question of accidental injury resulting in the hernia and as to precisely how much of claimant's disability was attributable to the hernia, and we think these questions should be re-examined. An even more serious question arises, however, with respect to that portion of the award which covers disability due to an aggravation of a uterine prolapse as an occupational disease. Since July, 1947 claimant has suffered from a uterine prolapse, a condition concededly antedating her employment and not caused by the employment. She did not see fit to have the condition corrected surgically until June 25, 1952. There is medical testimony that her employment aggravated the pre-existing condition. The decision of the board that such an aggravation constituted an occupational disease was made prior to the decision in *Matter of Detenbeck* v. *General Motors Corp.* (309 N. Y. 558), where the Court of Appeals said (pp. 560, 562) : " There must be a recognizable link between the disease and some distinctive feature of the claimant's job * * *. This test is not met where disability is caused by an aggravation of a condition which is not occupational in nature." We think the board should re-examine this record in the light of the *Detenbeck* case. Appellants' further contention that claimant was an independent contractor is without merit. The record is ample to support the board's finding that she was an employee. Award reversed and matter remitted to the Workmen's Compensation Board, with costs to appellants against the Workmen's Compensation Board. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.