In the Matter of the Claim of JOHN CIAMPA, Respondent, against TRIPP PLATING COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from a decision and award made by the Workmen's Compensation Board which granted compensation to claimant for disability caused by an alleged occupational disease. The employer was engaged in the business of electroplating. Claimant's work

required him to polish all kinds of metals and to use in the process liquids which contained nitric acid, sulphuric acid, hydrochloric acid and cyanide. Claimant testified that he was continually exposed to fumes from the mixtures he had to use, and that eventually he suffered difficulty in breathing and also had dizzy spells. He was later found to be suffering from a nasal and pulmonary involvement consisting of a basilar bilateral emphysema, chronic rhinitis and sinusitis. The board found these conditions to constitute an occupational disease resulting from the nature and conditions of his employment and to which all employees of his class were subject. There is medical testimony in support of and against the finding made by the board as to causal relationship between claimant's disability and his work. Appellants claim that the testimony of the physician who testified in support of the finding based his opinion wholly on conjecture and speculation. Our examination of the record does not support this view. After this physician had been advised as to the acids and compounds used in the work, their strength and proportions, he stated rather unequivocally that in his opinion the emphysema from which the claimant suffered was causally related to this occupation. The board was not obliged to find from the proof that claimant had a pre-existing disease or was suffering from some congenital defect. If anything the proof more probably indicated that claimant had merely a pre-disposition to harmful effects from inhaling acid fumes. Appellants cite the *Detenbeck* and *Goldberg* cases to support their contention that the board erred in finding an occupational disease (*Matter of Detenbeck* v. *General Motors Corp.*, 309 N. Y. 558; *Matter of Goldberg* v. *945 Marcy Corp.*, 276 N. Y. 313). We recognize of course the authority of these cases in connection with the facts which they embrace, but we think the facts in this case may be distinguished from them. The present case is more nearly analogous to the so-called allergy cases. Moreover it would seem almost obvious that the inhalation of acid fumes is an occupational hazard. The fact that one employee might be less affected than another does not destroy this conception. Decision and award affirmed, with costs to the Workmen's Compensation Board. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.