In the Matter of the Claim of CARL L. SACKRIS, Respondent, against DAHLSTROM METALLIC DOOR COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and its insurance carrier from a decision and award of the Workmen's Compensation Board, made upon a finding that claimant's work of sanding metallic doors, performed for a period of over 10 years, and entailing the lifting and turning of doors weighing from 50 to 100 pounds about 60 times a day, caused him to suffer a sacroiliac sprain, which the board found to be an occupational disease covered by the Workmen's Compensation Law (§ 3, subd. 2, par. 29). The only medical proof adduced was the testimony of the attending physician and his written reports. In each of his three reports to the board his diagnosis was of a sacroiliac sprain caused by the work. At the hearing before the referee, his direct testimony was to the effect that if he were to testify to the contents of these reports, his testimony would be substantially the same. On cross-examination, however, he said that on the basis of the history which the carrier's attorney correctly recited he could not say that claimant's complaints and back pain were due to any particular incident or incidents of the employment. Upon redirect examination, he returned to his original opinion. Cross-examined again, he was asked whether he found "any greater frequency of sacroiliac sprain in this man's occupation than in working people as a whole", and answered, "Except his age". He said further that no man of claimant's age, which was 70 years, should be performing such heavy work. As has been noted, the case for occupational disease depended largely on the doctor's three written reports and his adoption of them in lieu of detailed direct testimony. In each of these reports, the doctor said that there was no history or evidence of pre-existing disease. However, less than three months after the hearing at which he testified, the doctor re-examined claimant and, apparently for the first time, obtained X rays. These revealed extensive osteoarthritis, especially in the upper lumbar and thoracic spine and, further, some degenerative arthritis in the sacroiliac joints. The doctor thereupon reported: "In view of the above x-ray report and in view of the man's age, I believe his disability is due to these two causes, but no doubt standing on his feet and lifting doors will aggravate this condition." This conclusion, if correct, would have required dismissal of the claim under the rule stated in Matter of Detenbeck v. General Motors Corp. (309 N. Y. 558) which was decided shortly after the date of the board's memorandum decision in this case. The board chose to select and accept the fragments of the medical evidence, all adduced from claimant's physician, which supported causation and occupational disease and to reject not only the directly contradictory elements, but also the rather closely interrelated factors which the doctor admitted, and, finally, the report which may be regarded as the doctor's last word on the subject and the only one based on objective findings. The medical evidence viewed in the light of the record as a whole (Matter of McCormack v. National City Bank, 303 N. Y. 5), does not seem to us to afford substantial support to the resulting determination. Claimant did not have an opportunity to examine the doctor following the X-ray report and it may be that further development of the medical proof will amplify and explain the bare finding thus reported. The questions as to date of disablement and absence of written notice may thereupon, if then relevant, be determined in the light of all the evidence. Decision and award reversed, with costs to appellants against the Workmen's Compensation Board, and matter remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.