Appeal from a decision and award of the Workmen’s Compensation Board. The decedent was employed by a restaurant chain as a chef foreman. He did no heavy physical work and had two assistant foremen to help him supervise 20 people in the kitchen. While standing in the employer’s kitchen reading from a sheet of paper and reaching in his poeket for his eyeglasses on March 20, 1953, he suffered a heart attack from which he died. An award of compensation has been made to his dependents by the Workmen’s Compensation Board. Decedent had suffered a series of heart attacks prior to the one causing his death. In late 1949 and early 1950 he had been out of work for eight months because of such illness; in November and December, 1952 he had been hospitalized and out of work; and in February, 1953 he had again been ill and advised by the employer’s physician to rest for six weeks, although his personal physician thought it would be all right for him to return to work when he did, on March 13, 1953. This was seven days before his attack on March 20. There is proof that the kitchen was busy and that decedent had been working hard in his supervisory capacity; and that he had stated that on Mareh 19 he had “a big order”, and that it was “ a very busy day ”. When we examine this record in the light of the decisions in Matter of Deteribeek v. General Motors Corp. (309 N. Y. 558), and Matter of Burris v. Lewis (2 N Y 2d 323) we feel required to determine as a matter of law that accidental causation of decedent’s death has not been established. Award reversed and claim dismissed, with costs to appellant against the Workmen’s Compensation Board.
Foster, P. J., Bergan, Coon and Gibson, JJ., concur.