Appeal by employer and its insurance carrier from a decision and award of the Workmen’s Compensation Board. Claimant worked as a waiter in a club eight or nine hours daily, and occasionally longer, for 25 years. He said that he was required to be on his feet continuously, walking on hard-surfaced floors. He developed in one leg a condition of varicose veins, with ulceration, which required surgery. The board has properly awarded for occupational disease. The medical testimony related the varicosities themselves, as well as their subsequent aggravation, to claimant’s work on his feet for a long period of time. Appellants seem to contend that because the condition could occur to any one who is on his feet a great deal it was not an incident of claimant’s occupation. However, “ The conditions of employment which distinguish the occupational disease from the ordinary diseases of life” are sufficiently distinctive if “familiar harmful elements are present in excessive degree.” (1 Larson on Workmen’s Compensation Law, § 41.50.) We have previously held that the question as to whether varicosities of the legs might constitute an occupational disease was an issue of fact and thereupon affirmed an award for disability thus caused. (Matter of Vines v. Lazar Motors, 277 App. Div. 1083.) Appellants’ additional contention is that the medical proof was only of aggravation of a condition which disabled claimant some years before and that his later disability due to such an aggravation is not compensable. This does not follow from *912 Matter of Detenbeck v. General Motors Corp. (309 N. Y. 558, 559, 562) upon which appellants rely. There it was held that the test of “ a recognizable link between the disease and some distinctive feature of the claimant’s job ” is not met “where disability is caused by an aggravation of a condition which is not occupational in nature.” Here, as we have held, the work activity was sufficiently distinctive and, upon the record, the condition was occupational in nature. Further, while the direct examination of the only physician who testified was limited to the question of aggravation, on cross-examination he related the original condition itself to claimant’s work in this same employment and said that the condition is a progressive one and continued in this ease until ulceration occurred, necessitating surgery and resulting in the disability for which the award was made. Decision and award affirmed, with costs to the Workmen’s Compensation Board.
Foster, P. J., Bergan, Coon and Gibson, JJ., concur.