In the Matter of the Claim of SAMUEL GOLDBERG, Respondent, against CONVERSIONS & SURVEYS, INC. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, December 10, 1958.

*Albert P. Thill* for appellants.

*Herman J. Roshwald* for claimant-respondent.

*Louis J. Lefkowitz, Attorney-General* (*Roy Wiedersum* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

Foster, P. J. The employer and its carrier appeal from a decision and award of the Workmen's Compensation Board, which reversed a referee's determination disallowing the claim and directed the payment of compensation to claimant for various periods of disability. The board found that claimant suffered from " an accidental injury and/or occupational disease ", in the activation and acceleration of a pre-existing pulmonary and laryngeal tuberculosis caused by the frequent inhalation of natural and manufactured gases.

The employer was engaged in the business of converting appliances, such as stoves and refrigerators, so that they could be used with natural gas. Claimant worked in various capacities, such as a crewman, crew chief, supervisor and instructor. Unquestionably the board could find that claimant was frequently exposed to the inhalation of both manufactured and natural gas fumes in the course of his work. His own testimony, if believed, clearly established that fact. It is undisputed that he became disabled from tuberculosis of the right lung and tubercular laryngitis on and after November 12, 1951.

The difficulty with the case is the question of whether claimant's occupation was the cause, or one of the causes, of his disablement. Appellants' argument is that claimant's tubercular condition was the result of an infection, and that everything in the case points to a gradual deterioration of his physical condition over a period of time. Viewed in the aspect most favorable to claimant the medical testimony indicates that his occupation may have aggravated a pre-existing tubercular condition. The medical evidence is clear that tuberculosis is caused by tubercular bacilli, and claimant had no exposure in his work to such germs above and beyond that which any individual would have in his daily life. Although the board found " an accidental injury and/or occupational disease ", it is clear that there was no " eventful happening " constituting an accident (*Matter of Lesnick* v. *National Carloading Corp.*, 285 App. Div. 649, 651, affd. 309 N. Y. 958). And it cannot be justly found that claimant's basic tubercular condition was occupational in nature. It has been authoritatively held that the aggravation of a condition not occupational in nature is not an occupational disease within the meaning of the Workmen's Compensation Law (*Matter of Detenbeck* v. *General Motors Corp.*, 309 N. Y. 558). To the extent that other cases, decided prior thereto, may afford authority to the contrary (*Matter of Moore* v. *Colonial Sand & Stone Co.*, 261 App. Div. 857, motion for leave to appeal denied 285 N. Y. 860; *Matter of O'Neil* v. *American*

*Locomotive Co.*, 276 App. Div. 1043, motion for leave to appeal denied 301 N. Y. 815) they must be deemed overruled by the decision in the *Detenbeck* case.

The decision and award should be reversed, and claim dismissed.

GIBSON, HERLIHY and REYNOLDS, JJ., concur.

Decision and award reversed and claim dismissed, with costs to appellants against the Workmen's Compensation Board.