In the Matter of the Claim of Leslie Wehling, Respondent, against Ford Motor Co., Appellant, and Herbert Ahlers et al., Respondents. Workmen's Compensation Board, Respondent.

Third Department, December 30, 1958.

176

*Benedict T. Mangano* for appellant.

*Joseph May* for claimant-respondent.

*S. Chandler Fraser* for Herbert Ahlers and another, respondents.

*Gleason, Fitzpatrick, O'Connor & O'Brien* (*Daniel A. Whalen* and *Louis L. O'Brien* of counsel), for Tranquil Morrow and another, respondents.

*Louis J. Lefkowitz, Attorney-General,* for Workmen's Compensation Board, respondent.

GIBSON, J. An employer appeals from a decision and award of the Workmen's Compensation Board for total disability and for reduced earnings, charged one fourth to appellant employer and three fourths to two previous employers.

The board found that claimant, on November 23, 1953, while employed as a metal finisher by appellant, an automobile manufacturer, became disabled, due to back strain with left lumbar herniated disc, found by the board to be an occupational disease caused by the bending, twisting and heavy lifting to which claimant was subjected in the employment. The board found, also, that claimant sustained accidental injuries to his back in 1947 and again in 1948, on each occasion being engaged in lifting milk cans, while in the employ of respondent Ahlers; and again in 1950, while in the employ of respondent Morrow, when lifting a steel form. There are findings, further, that the " disability * * * subsequent to November 23, 1953, due to left lumbar herniated disc, was causally related in equal parts to the occu-

pational disease and to all three accidents hereinabove described, in themselves and in their cumulative effect.''

Appellant states: '' The basis of this appeal is the inconsistency and the incompatability of the finding of occupational disease ('back strain and herniated lumbar disc') with the concurrent finding of accidental causation.'' In our view, the decision is warranted in law and supported by substantial evidence.

The medical evidence is quite clear that the disc herniation occurred after claimant's employment with appellant began in October, 1951 and that none of the previous injuries involved more than a lumbar sprain. The latter was the diagnosis of Dr. Barnes, who last saw claimant in 1948, and of Dr. Luther, who treated him following the 1948 and 1950 accidents. On entering appellant's employ in 1951, claimant passed a physical examination '' with reservations '' and during the next 25 months lost but one day's work because of illness. Dr. Radice, a neuropsychiatrist, found no disc injury upon neurological examination on November 4, 1952 but on May 4, 1954 found a disc herniation. Dr. Luther first observed neurological signs in 1952. Claimant testified that the pain in his back worsened in May, 1952 and then, for the first time, began running down his leg. He felt better in the Fall of 1952 but in November, 1953 the pain became '' real bad '' so that he then stopped working for some six months.

There was substantial medical evidence of the causation found by the board. Dr. Luther related the condition to claimant's 1952 employment and to the 1947, 1948 and 1950 episodes, '' all [being] a part of this '', as did Dr. Dugan who said that all the incidents played a part and that the condition was worsened by the work in 1952.

The board's finding of causal relation does not seem to us to be inhibited by the statute or by any principle of decisional law. Appellant relies principally upon *Matter of Detenbeck* v. *General Motors Corp.* (309 N. Y. 558, 562) which held that occupational disease may not be found in a disability '' caused by an aggravation of a condition which is *not occupational in nature.*'' (Emphasis supplied.) It may fairly be said, upon this record, that each back condition could be found occupational in nature as respected each occupation concerned — whether there was involved the handling of heavy cans of milk as in one, the lifting of steel forms as in another or '' the bending, twisting and heavy lifting '' (of parts of automobile bodies) as in the third. In each case, the form of effort required could be found to be (as the test under *Detenbeck* requires) a '' dis-

tinctive feature " of the job. As the court further held, that test, " is the same whether the employee is decrepit or in normal health " and it was recognized that the predisposition of an employee to an occupational disease, by reason of pre-existing defects, " does not prevent him from having the benefit of workmen's compensation, if he develops what would ordinarily be an occupational disease " (p. 561).

It seems clear that in this case the primary test of occupational disease has been met. Since the evidence would also, if need be, satisfy the requirements with respect to aggravation, it is not important whether the disease resulted from aggravation of the pre-existing condition due to back sprains or whether it arose independently thereof.

The board has found, upon substantial evidence, that the ultimate disability was due to the occupational disease and to the prior accidents. We perceive no inconsistency or other difficulty in this theory of multiple causation, supported, as it is, by medical evidence which we find substantial. Ample precedent exists in Matter of Paradiso v. Vuozzo (277 App. Div. 802, motion for leave to appeal denied 301 N. Y. 815).

Appellant would invoke the time limitations applicable to occupational diseases. (Workmen's Compensation Law, § 40.) The determination of the time of contracting of the disease was for the board and is supported by substantial evidence. Under section 40, the 12-month limitation is inapplicable in any event if the disease was contracted and disablement occurred while claimant was in appellant's employ.

The decision and award should be affirmed, with one bill of costs to respondents employers and carriers against appellant.

FOSTER, P. J., BERGAN, HERLIHY and REYNOLDS, JJ., concur.

Decision and award affirmed, with one bill of costs to respondents employers and carriers against appellant.