■ In the Matter of the Claim of HARRY E. SMITH, Respondent, against SPORTS ROOM SUPPER CLUB et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from an award of compensation made by the Workmen's Compensation Board to claimant for an occupational disease in the nature of emphysema of the right lung. It is difficult to understand precisely the issues raised on appeal but for the reasons hereafter stated we think the award should be reversed and the matter remitted to the board for further proof. Claimant worked for a period of six years as a chef at the employer's supper club. It is claimed that while working there in a small kitchen he was exposed to dust, cooking fumes and poor ventilation. In January, 1952 he became disabled due to a lung condition for which he was hospitalized. In October, 1952 claimant returned to work for the same employer on the basis of four days a week. It is said that in May, 1954 he learned for the first time that he was suffering from an occupational disease in the nature of emphysema of the lungs caused by exposure in his work. Thereafter and on May 6, 1954 he filed a claim for compensation due to an occupational disease and an award of compensation was made to him on the basis of that claim and from which this appeal has been taken. The board found that claimant became disabled on October 30, 1954 as a result of emphysema, with pulmonary fibrosis and bronchitis, an occupational disease which he contracted in the same employment with the same employer. The only medical testimony in the record to support this finding is not of substantial character to sustain the theory that claimant's pulmonary condition was an occupational disease contracted in his employment. The physician who testified said in substance that claimant's pulmonary condition was aggravated by his working conditions but that he felt claimant had some emphysema prior to his employment. To establish an occupational disease under the decisional law, as we understand it, definite proof was necessary to show that the disease in question was a common hazard to which all employees in the same kind of employment would be exposed, and further that the disease was actually contracted in the employment. The mere aggravation of a disease not occupational in character is insufficient to establish an occupational disease (*Matter of Detenbeck* v. *General Motors*, 309 N. Y. 558). On this issue appellants should be permitted to produce medical proof if they are so advised. Award reversed, with costs to appellants against the Workmen's Compensation Board, and claim remitted to the board for further consideration. Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ., concur.