■ In the Matter of the Claim of EDITH CUNNINGHAM, Respondent, against NEISNER BROTHERS, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and carrier from an award of disability compensation. Claimant was first employed in August of 1953 as a sales clerk in a retail variety store. Her duties also required her to restock counters and arrange merchandise displays. She had a pre-existing back condition diagnosed as a spondylolisthesis and underwent surgery in October of 1951 for the purpose of effecting a spinal fusion. This condition was known to the employer when she was hired. Between August, 1953 and January, 1954 she was out of work for about 10 days due to her back condition. In May, 1954, she advised the employer she was compelled to stop work on orders of her doctor because of this back condition. There was no report to the employer of any accident. On December 16, 1954, seven months after stopping work, a claim for compensation was filed. From then on the case had a rather strange history before the Referee and the board. On July 27, 1955, the Referee decided that claimant was suffering from an occupational disease in that her occupation " brought on an exacerbation of the underlying condition." The Referee relied upon and cited a decision of this court handed down in April, 1955, in *Matter of Detenbeck* v. *General Motors Corp.* (285 App. Div. 1099). A panel of the board affirmed on the ground that the evidence " established occupational disease for an aggravation of a congenital pre-existing spondylolisthesis." On February 16, 1956, the Court of Appeals reversed the decision in the *Detenbeck* case (309 N. Y. 558). Thereafter, on April 24, 1957, the same panel of the board made a supplemental decision upon the same record and with no additional evidence before it, and found that

"After further study" claimant suffered an accidental injury because "numerous trauma" constituted "a series of accidents", and modified the decision accordingly. It is somewhat difficult to understand how the same occurrences that had once been held an occupational disease (inferentially not an accident) could thereafter become an accidental injury. Nevertheless we must sustain the award if there is any substantial evidence to support it. We think there is not. Claimant's duties consisted of waiting on customers and restocking counters. She performed the same duties during her entire employment except that she testified the work was heavier during the Christmas rush. Claimant in her testimony suggests that placing plate glass counter separators which were "heavy" made her back hurt more. The undisputed proof is that the plate glass separators weighed three pounds four ounces each by actual weighing. We find no substantial evidence of any incident or incidents which would be regarded as an accident by the average man. The only medical proof which even tends to support a finding of accidental injury is evasive, equivocal, and based entirely upon an assumption not supported by any substantial evidence. The award is reversed upon the law and the facts, and the claim dismissed, with costs to the appellants against the Workmen's Compensation Board. Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ., concur.