█ In the Matter of the Claim of MICHAEL ROGAN, Respondent, against CHARLES F. NOYES, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from a decision and award of the Workmen's Compensation Board for disability due to Dupuytren's contracture found to be an occupational disease caused by claimant's work as a porter in lifting and carrying pails and other heavy objects and in working with brooms and mops, whereby constant pressure was applied to the palms of the hands, causing minute hemorrhages in the palmar fascia which accrued to form hard fibrous tissue and the disabling contractures. Appellants contend that the employment involved no hazard distinguishing it from the usual run of occupations and in excess of the hazard attending employment in general but work involving pressure on the palms of the hands has been recognized as a distinctive hazard of certain employments and, indeed, in a recent case the work found causative of Dupuytren's contracture included that "as a porter doing such things as sweeping and lifting barrels." (*Matter of Sheehy* v. *Doyle,* 8 A D 2d 267, 269, motion for leave to appeal denied 7 N Y 2d 706.) Appellants assert, also, that there was no proof that claimant's employment would have a tendency to induce a similar malady in the average workman and cite the testimony of claimant's medical expert that claimant had "an inherited predisposition for the development of Dupuytren's contracture". This doctor said further, however, that claimant would not have developed the disease had he not been exposed to the trauma of his work. *Matter of Nardo* v. *Rheinstein Constr. Co.* (7 A D 2d 689, motion for leave to appeal denied 5 N Y 2d 709) seems in point. There it was claimed that claimant had "a 'constitutional defect' which disposed him to the disease; and hence that unlike the average person he had a special tendency to the disease". It was argued that this barred an award but we held that such was "too rigid a test and if carried to the ultimate would mean that a disease would not be 'occupational' unless everyone engaged in the work contracted it." (See, also, *Matter of Moore* v. *Ford Motor Co.,* 9 A D 2d 165, 167 and authorities there cited.) Here the board properly found that the evidence met the essential test of a "'recognizable link between the disease and some distinctive feature of the claimant's job, common to all jobs of that sort.'" (*Matter of Harman* v. *Republic Aviation Corp.,* 298 N. Y. 285, 288, quoted in *Matter of Detenbeck* v. *General Motors Corp.,* 309 N. Y. 558, 560.) Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.