█  In the Matter of the Claim of CHRISTINA MULLARKEY, Respondent, v. NEW YORK HOSPITAL et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and carrier from a decision and award of the Workmen's Compensation Board which established that a herniated cervical disc constituted an occupational disease. The claimant worked for two years in the hospital of the employer as an X-ray file clerk. She testified as to her various duties which required her to lift objects, push a cart, file and other associated duties, many of which required twisting the body, reaching and stretching. The claimant testified that such duties caused a straining in the region of her neck and shoulders. In January, 1957, while performing her duties, she felt a sharp pain in her neck which necessitated her stopping work about two weeks thereafter. Medically her condition was diagnosed as a herniated cervical disc. It appears from the record that the claimant was of relatively short stature and had suffered no previous back or neck trouble. The record is replete with evidence that the claimant sustained a herniated cervical disc. This was confirmed by the hospital records buttressed by the testimony of the claimant's doctors who also established causal relationship when testifying that the nature of the duties required of the claimant were such as to cause the disc condition. A doctor for the carrier, present at the hearing, testified that on the basis of the claimant's testimony and that of the supervisor of the X-ray room, there could be a "possible" causal relationship. It was established that the twisting, stretching and straining required of the claimant were directly connected and associated with the resulting herniated disc. The board has factually found in favor of the claimant upon what we consider to be substantial testimony. A herniated disc has been held to be an occupational disease. (*Matter of De Bella* v. *Hotel Windsor,* 284 App. Div. 919; *Matter of Wehling* v. *Ford Motor Co.,* 7 A D 2d 175, motion for leave to appeal denied 6 N Y 2d 705.) Decision and award affirmed, with costs to the Workmen's Compensation Board. Bergan, P. J., Coon, Gibson and Herlihy, JJ., concur; Reynolds, J., dissents, and votes to reverse and remit on the ground that the disability was not an occupational disease within the rule laid down in *Matter of Detenbeck* v. *General Motors Corp.* (309 N. Y. 558).