■ KATHRYN C. SEITZ, Respondent, v. ALFRED J. SEITZ, Appellant.— Order modified, and fees of counsel fixed in the sum of $750 and as modified, affirmed, without costs. No opinion. Bergan, P. J., Gibson, Reynolds and Taylor, JJ., concur; Herlihy, J., concurring: I concur upon the ground that the majority decision on the prior appeal determined the question now attempted to be raised.

■ In the Matter of the Claim of RUSSEL C. SMITH, Respondent, v. EVERGREEN CEMETERY ASSOC. et al., Appellants, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its carrier from a decision of the Workmen's Compensation Board. In June, 1958, a Referee's decision was handed down holding that claimant, a cemetery caretaker, had traumatic osteoarthritis of both hips and finding "accident", notice and causal relationship. There is no question that the finding of an accident is erroneous, the disability, if connected with employment at all, resulting from an occupational disease. Nevertheless, no appeal was taken even to the board from this decision nor was any question raised as to the propriety thereof, although several continuation orders were issued in the interim, until April, 1960 when the carrier requested the board to consider whether claimant's condition could be properly classified as an occupational disease under the rule established in *Matter of Detenbeck* v. *General Motors Corp.* (309 N. Y. 558). This the board refused to do, and again no appeal was taken and payments were continued. In April, 1961 another application was made to the board on the very same grounds. The board after rectifying the 1958 finding by changing it from accident to occupational disease, again did not reach the merits involved but instead denied the relief sought on the grounds that the carrier's application was untimely since it was aware that no accidental occurrence was being alleged when it accepted the Referee's decision. We agree. The record would clearly seem to indicate that despite the reference to "accident" the original decision was a finding of an occupational disease, and, *Detenbeck* was, of course, decided prior to the 1958 decision and thus was available to appellants at that time. Furthermore, appellants not only did not raise the issue in 1958 but did not appeal the board's 1960 adverse decision. There is here no mention of newly discovered evidence (cf. *Matter of Barrow* v. *Loon Lake Hotel*, 3 A D 2d 783). Under these circumstances we find nothing arbitrary or capricious in the board's refusal in its discretion to reopen this issue (Workmen's Compensation Law, § 23; *Matter of La Porta* v. *Wakefield Realty Corp.*, 11 A D 2d 882). Decision affirmed, with costs to the Workmen's Compensation Board. Bergan, P. J., Coon, Herlihy and Reynolds, JJ., concur.