■ In the Matter of the Claim of EDMUND MAKOFSKE, Respondent, v. REPUBLIC AVIATION CO. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—*Per Curiam.* Appeal by the employer and its carrier from a decision and award of the Workmen's Compensation Board which modified a Referee's decision by reducing the period of the award and, except as modified, affirmed the decision. There was substantial evidence that the claimant's work exposure to toxic fumes from titanium and to harmful dust from Plexiglass and Fibreglass in the course of his work caused him to contract irritative bronchitis, an occupational disease, which led to the activation of a dormant tuberculosis and that both were linked to his employment and together produced his disability. In *Matter of Bazzini* v. *Washburn Wire Co.* (8 A D 2d 556) we stated: "The case of *Matter of Detenbeck* v. *General Motors Corp.* (309 N. Y. 558) is not controlling here. In this case claimant's disability is not caused solely by the aggravation of a condition which is not occupational in nature. The board has found that claimant contracted irritative bronchitis, an occupational disease, because of a distinctive feature of claimant's work, and that such disease is the thing which activated the tuberculosis, so that both are linked to his employment." There was a medical conflict as to whether irritative bronchitis was an occupational disease causally related to the claimant's work but the board was entitled to accept the claimant's theory of causation as established by his medical proof and to reject that advanced by the appellants' medical witnesses (*Matter of Teamer* v. *American Radiator & Std. Sanitary Co.,* 20 A D 2d 739; *Matter of Roettinger*

v. *The Great Atlantic & Pacific Tea Co.*, 17 A D 2d 76, affd. 13 N Y 2d 1102). The appellants argue that "The Board erred in deciding that the weight of the evidence supported the claimant's position" but it is elementary that in the presence of substantial evidence the board's action in weighing the evidence will not be reviewed. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Taylor and Hamm, JJ., concur.