(July 15, 1964)

■ In the Matter of the Claim of ROBERT LOUNSBURY, Respondent, v. UNITED STATES GYPSUM COMPANY, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— *Per Curiam.* The board's finding of a "definite link between * * * occupation and exposure * * * and the *aggravation* of a pre-existing bronchiectasis * * * necessitating a left pneumonectomy" (emphasis supplied) is not the equivalent of a finding of a link between the employment and the particular *disease*; that is, "between the disease and some distinctive feature of the claimant's job", in which case the pre-existing condition would not bar an award if claimant developed "what would ordinarily be an occupational disease". (*Matter of Detenbeck* v. *General Motors Corp.,* 309 N. Y. 558, 562, 561.) Although, upon at least one record, bronchiectasis has been found to be an occupational disease (*Matter of Pinto* v. *Competent Fur Dressers,* 271 App. Div. 1036, affd. 297 N. Y. 846), in this case claimant produced no proof upon this issue and his medical expert's conclusions were limited to the aggravative effect of the exposure. Neither would the record support the finding of a new contracture. The underlying condition apparently originated in claimant's childhood, as the result of his aspiration of a small stick, which was removed by bronchoscopy some months later. According to the doctor, claimant's lung tissues had healed to the point that he was able to do hard manual labor and pass physical examinations, with satisfactory chest X rays, for military service and for various civilian employments; but the doctor did not say that there was a new contracture in the employment but confined his discussion to progression and aggravation. Decision reversed, with costs to appellant against the Workmen's Compensation Board, and case remitted for further proceedings not inconsistent herewith. Gibson, P. J., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.