■ In the Matter of the Claim of ALEXANDER ROSS, Respondent, v. KOLLSMAN INSTRUMENT CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— AULISI, J. Appeal from decisions of the Workmen's Compensation Board which determined that claimant suffered an occupational disease

and awarded benefits. Claimant, Alexander Ross, worked for the appellant employer for over 20 years as a milling machine operator. He sat at a machine and fed pieces of metal into it to be processed. These various metal pieces were supplied in a pan or box which weighed up to 50 pounds. Claimant at times had to handle or drag these pans or boxes up to 20 feet and lift them into position next to his machine. Every few days he would be required to lift a frame which weighed about 50 pounds in connection with his work. Claimant testified that he commenced to experience back pains 10 years ago although the only evidence of prior complaint was when he fell while carrying a heavy metal plate several years before. In March, 1962 claimant sought treatment for his back and on July 13, 1962, he was forced to stop work. Eventually he came under the care of Dr. Jacobs, an orthopedic surgeon, who diagnosed a herniated lumbar disc which was treated surgically. The board's determination found that claimant suffered a herniated disc, an occupational disease within the meaning of section 3 (subd. 2, par. 29) of the Workmen's Compensation Law, in the course of his employment. We believe that there is substantial evidence to sustain the board's position. Claimant's occupational history involved bending, lifting, carrying and handling various weights throughout his 20-year employment. Dr. Jacobs testified: "In my opinion the work activities described to me by the patient would be a decided factor as a causal factor in this patient's disc pathology and subsequent disability." There are numerous decisions which have repeatedly upheld the finding of an occupational disease when disability resulted from a herniated disc (e.g. *Matter of Wehling* v. *Ford Motor Co.*, 7 A D 2d 175, mot. for lv. to app. den. 6 N Y 2d 705; *Matter of De Bella* v. *Hotel Windsor*, 284 App. Div. 919; *Matter of Zumbolo* v. *Bigelow-Sanford Carpet Co.*, 279 App. Div. 680). Appellants rely upon *Matter of Detenbeck* v. *General Motors Corp.* (309 N. Y. 558) in arguing that claimant had a pre-existing non-occupational condition which was work aggravated. The Referee quoted parts of *Detenbeck* (*supra*) to Dr. Jacobs and on the basis of statements made by him during such questioning appellants claim there is no occupational disease. However, all Dr. Jacobs' testimony when read in its entirety supports the conclusion of the board. It is not for a physician to interpret the legal status of a situation but only to render his medical opinion. Upon this opinion and the other evidence in the record the ultimate conclusions are based. Dr. Jacobs stated: "My opinion and what you have drawn my attention to are two different things. My own opinion is that it is occupational. * * * I am talking about the 20-year period. Somebody who has to do this for a long period of time. This would be a competent producing cause of unusual or more than usual lumbar disc degeneration." There is no evidence that the degenerative disc condition pre-existed claimant's employment by appellant. Since there is ample medical opinion that the employment was a competent producing cause of claimant's condition it is compensable (see *Matter of Roettinger* v. *Great Atlantic & Pacific Tea Co.*, 17 A D 2d 76, affd. 13 N Y 2d 1102). Decisions affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds and Taylor, JJ., concur.