■ In the Matter of the Claim of PETER BURGER, Respondent, v. MRS. JOHN YANDIK et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeal by the employer and her carrier from a decision of the Workmen's Compensation Board finding that claimant had contracted an occupational disease, "farmer's lung", which made him susceptible to infection and the development of bronchopneumonia and an award of disability benefits based thereon. Claimant, aged 74, had worked as a farmhand, primarily tending the employer's cows, for three years prior to his illness. There is testimony that in the course of his duties he was exposed to odors, dust, spores, etc., from silage and hay. In addition claimant actually slept in the cow barn where the hay and silage were stored. Although there is the usual difference of medical opinion, there is present substantial medical evidence from which the board could properly find that claimant's contraction of "farmer's lung" was connected to employment and that this condition, in turn, created the claimant's "susceptibility to infection and development of bronchopneumonia" (*Matter of Ernst* v. *Boggs Lake Estates*, 12 N Y 2d 414; *Matter of Palermo* v. *Gallucci & Sons*, 5 N Y 2d 529). Appellants assert, however, that because bronchopneumonia is not itself an occupational disease the award is not sustainable. We cannot agree. It would seem clear that the board could find "farmer's lung" to be an occupational disease under the rationale of *Matter of Roettinger* v. *Great Atlantic & Pacific Tea Co.*, 17 A D 2d 76, affd. 13 N Y 2d 1102). The exposure to dust, odors, spores, etc., from hay and silage which precipitated it was clearly a "distinctive feature of the claimant's job, common to all jobs of that sort." (*Matter of Harman* v. *Republic Aviation Corp.*, 298 N. Y. 285, 288.) Furthermore, since as previously noted there is substantial medical evidence linking claimant's "farmer's lung" to the resulting bronchopneumonia, claimant's disability is not caused *solely* by the aggravation of a condition not occupational in nature and, therefore, *Matter of Detenbeck* v. *General Motors* (309 N. Y. 558) is not controlling (*Matter of Bazzini* v. *Washburn Wire Co.*, 8 A D 2d 556). Here as in *Bazzini,* the board could find that an occupational disease activated or contributed to the contraction of a nonoccupational condition so that both are linked to employment. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Taylor and Aulisi, JJ., concur.