In the Matter of the Claim of MARY GILBERTI, Respondent, v. JOANNE GARMENT MANUFACTURING Co. et al., Appellants, and DE KALB COAT CORP. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeal by the employer, Joanne Garment Manufacturing Co., and its carrier from a decision of the Workmen's Compensation Board on the ground that there is no substantial evidence that claimant's disability resulted from an occupational disease within the scope of the Workmen's Compensation Law (§ 3, subd. 2, par. 29). The board has found that the evidence established that claimant, a sewing machine operator, is suffering from an occupational disease "in the nature of an enlargement and traumatic arthritis of the metacarpal-carpal joint of the left thumb". While there is strong countervailing medical evidence that claimant's disability is not attributable to an occupational disease but instead to an earlier accidental injury sustained while working for another employer, we cannot say that the instant record is without substantial medical evidence as to causation to support the board's determination, albeit that most of it is admittedly weak and contradictory, and accordingly the board's decision must be affirmed (e.g. *Matter of Rados* v. *Woodlawn Water Supply Dist.,* 31 A D 2d 879). Having decided that it could properly find causation, the board, considering that a distinctive feature of claimant's job and common to all jobs of that type is the constant application of pressure between the thumb and index finger or other fingers, could determine that claimant's disability was an occupational disease within the meaning of the Workmen's Compensation Law (*Matter of Detenbeck* v. *General Motors Corp.,* 309 N. Y. 558; *Matter of Goyer* v. *Fred K. Blanchard, Inc.,* 25 A D 2d 892; *Matter of Elkin* v. *D. & J. Cleaners,* 25 A D 2d 790). Decision affirmed, with one bill of costs to respondents filing briefs. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Cooke, JJ., concur in memorandum by Reynolds, J.