WILLIAM J. KELLEY, Respondent, *v.* INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, Appellant.

Third Department, July 2, 1937.

*Gerald W. O'Connor* [*Philip J. Fitzgerald* of counsel], for the appellant.

*Samuel E. Goldstein,* for the respondent.

HEFFERNAN, J.   There are no disputed facts in this case.   On November 17, 1933, appellant issued a products public liability policy effective for one year to Germicide Products Corporation.   On May 17, 1934, while this policy was in effect, the insured shipped to John Liddle Company at Glens Falls, N. Y., a consignment of one of its manufactured products called " Dag."   At the expiration of the policy on November 17, 1934, a new policy was issued for a like period under the same terms and conditions.   Because of the non-payment of a premium this policy was canceled on May 30, 1935.   On June 5, 1935, while respondent was unpacking the

shipment of May 17, 1934, one of the bottles exploded and he sustained personal injuries. Thereafter he instituted an action against Germicide Products Corporation to recover damages by reason of the injuries which he sustained and in that action he recovered a judgment for $2,198.11. The defendant being insolvent, respondent is seeking to recover from appellant under section 109 of the Insurance Law the amount of the judgment which he obtained in his personal injury action. The trial court directed entry of judgment in his favor.

The policy has the usual public liability provisions. In its insuring clause it indemnified against " bodily injuries accidentally suffered or alleged to have been suffered during the term of this Policy by any person or persons not employed by the Assured, including death resulting at any time from such injuries." There was indorsed on this policy, however, a rider reading as follows:

" In consideration of the premium for the policy to which this indorsement is attached is written, it is understood and agreed that the Insuring Agreement of said policy is hereby eliminated and the following substituted therefor:

" To pay any loss by reason of the liability imposed by law upon the assured for bodily injuries, including death at any time resulting therefrom suffered by any person or persons, due to or alleged to have been due to the possession, consumption, handling or use, elsewhere than upon the premises of the assured, of any merchandise or product manufactured, handled or distributed by the assured which has actually been sold to a purchaser for a consideration during the term of this endorsement, including the explosion or rupture of any container within which such merchandise or product is shipped or delivered by the assured."

The contention of the appellant is that it only insured Germicide Products Corporation against liability on judgments obtained on account of bodily injuries accidentally suffered or alleged to have been suffered during the term of the policy. In the construction of insurance policies the primary rule is that such contracts are to be most strongly construed against the insurer and in favor of the insured. However, a contract of insurance is no different from other contracts and the function of the courts is to construe them, not to make them. The language used must receive a reasonable interpretation consonant with the apparent object and plain intent of the parties. In the case before us the merchandise which caused the injury to respondent was sold during the life of the policy although the accident occurred after its cancellation. By the indorsement which it attached to this policy appellant eliminated the insuring clause and substituted an agreement for the payment of any loss incurred on merchandise " manufactured,

handled or distributed by the assured which has actually been sold to a purchaser * * * during the term of this endorsement." The language in this rider is materially different from the language in the policy proper. The printed provisions of the insuring portion of the policy having been eliminated, the quoted language contained in the rider must control. We must read the provisions of this policy having in mind what the parties contemplated in making their contract. It is quite obvious that Germicide Products Corporation was seeking protection from liability occurring from the sale of its products. It is equally obvious that it desired protection not alone from injuries occurring during the life of the policy but which might occur at any time. That is the agreement which it sought to make. That is the agreement which appellant made when it eliminated the general insuring provisions in the policy and substituted therefor the provisions contained in the rider.

The appellant urges its immunity from liability because of the language contained in another indorsement which reads:

" In consideration of a flat charge of Ten and 00/100 Dollars ($10.00) it is hereby understood and agreed that the policy to which this endorsement is attached, is extended, subject otherwise to all its terms, conditions and limitations, to cover the liability of the Assured as in the policy defined, as respects products sold prior to the inception date of this policy, November 17, 1933.

" It is further understood and agreed that this extension of coverage applies only as respects accidents occurring during the policy period."

By this indorsement appellant agreed that its policy should cover merchandise sold prior to the inception date of the policy on the payment of an additional premium. On these sales it limited its liability as to accidents occurring during the life of the policy. That is not the situation here. The sale which caused the injury was not made prior to the inception date of the policy but during its existence.

We think the court below correctly determined the issues and that the judgment should be affirmed, with costs.

HILL, P. J., RHODES, CRAPSER and BLISS, JJ., concur.

Judgment affirmed, with costs.