In the Matter of the Claim of ANNELLA KOBINSKI, Respondent, against GEORGE WESTON, LTD., et al., Appellants, and JAMESTOWN MUTUAL INSURANCE COMPANY, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.

Argued February 27, 1951; decided May 24, 1951.

*Edward L. Robinson, William M. Fay* and *Solon J. Stone* for appellants. Since claimant had no accident within the meaning of the Workmen's Compensation Law after the time that appellant insurance company insured the employer, said insurer cannot be forced to contribute to the payment of compensation for claimant's injury. Respondent insurance company, which insured appellant on July 5, 1945, the date of the accident which caused claimant's present condition, should pay the entire award. (*Matter of Phillips* v. *Holmes Express Co.*, 190 App. Div. 336, 229 N. Y. 527; *Matter of Masse* v. *Robinson Co.*, 301 N. Y. 34; *Matter of Jeffreyes* v. *Sager Co.*, 198 App. Div. 446, 233 N. Y. 535; *Matter of Chiara* v. *Villa Charlotte Bronte*, 298 N. Y. 604; *Matter of Carpenter* v. *Sibley, Lindsay & Curr Co.*, 277 App. Div. 801; *Matter of Dyviniek* v. *Buffalo Courier Express Co.*, 296 N. Y. 361; *Matter of Harman* v. *Republic Aviation Corp.*, 298 N. Y. 285; *Matter of Champion* v. *Gurley*, 299 N. Y. 406; *Matter of Connelly* v. *Hunt Furniture Co.*, 240 N. Y. 83; *Matter of Lerner* v. *Rump Bros.*, 241 N. Y. 153.)

*Frank Pedlow* and *Fred J. Murray* for Jamestown Mutual Insurance Company, respondent. Ample evidence supported the determination of the Workmen's Compensation Board that claimant sustained a series of causally related traumatic injuries, some of which occurred in 1947. (*Matter of Altschuller*

v. *Bressler*, 289 N. Y. 463; *Matter of Daus* v. *Gunderman & Sons*, 283 N. Y. 459; *Matter of Rosenberg* v. *Netherland Cab Co.*, 269 App. Div. 914; *Matter of Kayser* v. *Erie Co. Highway Dept.*, 276 App. Div. 789; *Matter of Green* v. *Geiger*, 280 N. Y. 610; *Matter of Newirth* v. *La Pidus*, 273 App. Div. 835; *Matter of Masse* v. *Robinson Co.*, 301 N. Y. 34.)

LOUGHRAN, Ch. J. On July 5, 1945, the claimant, while working for her employer, slipped and fell upon an oily floor of its factory. The impact fractured a segment of her sacrum and one of the discs of her spine. These injuries disabled her until August 20, 1945, when she returned to work. Workmen's compensation for that disablement was paid to her by Jamestown Mutual Insurance Company, the then carrier of her employer.

On January 1, 1947, the employer placed its workmen's compensation insurance with Standard Accident Insurance Company. On September 1st of that year, the claimant was again disabled when the spinal disc that had been cracked in 1945 became protruded. The protrusion was corrected by a surgical operation in 1948. For wholly valid reasons of her own she chose not to work thereafter. In respect of part of that second period of incapacity, the Workmen's Compensation Board made a further award, 75% of which was charged against Jamestown Mutual Insurance Company and 25% against Standard Accident Insurance Company. Upon appeal to the Appellate Division by the employer and Standard Accident Insurance Company, that award was affirmed. Standard Accident Insurance Company and the employer have now brought the case to us by our leave.

The finding upon which the board based its decision is in these words: " The frequent stooping, bending and lifting to which Annella Kobinski [the claimant] was subjected [after she returned to work in August, 1945] caused her to sustain a series of causally related traumatic injuries some of which occurred in 1947, at which time the Standard Accident Insurance Company was the insurance carrier, having gone on the risk on January 1, 1947. * * * The accidental injuries of July 5, 1945, and the series of traumatic injuries suffered by Annella Kobinski as aforesaid, resulting in accidental injuries and disability on September 1, 1947, caused her to sustain a protrusion

of the fourth lumbar intervertebral disc which necessitated operative procedure on April 7, 1948 to remove the said protrusion.'' Whether that finding has sufficient support in the record is the question for decision.

The employer manufactured cookies and crackers. These were first deposited in boxes which were carried to the claimant on a conveyor. When on the hearing herein she was asked to describe her '' regular work '', she said: '' I weighed the boxes — put them on the scale, checked the weight and piled them on a skiff.'' This was the sum total of her daily task during the whole of the period of her employment. She was required frequently to stoop and bend as she lifted the boxes and this lifting caused her pain from time to time after the accident of July 5, 1945. But she did not say that she was subjected to any unusual strain either before that accident or thereafter (cf. *Matter of Masse* v. *Robinson Co.*, 301 N. Y. 34; *Matter of Carpenter* v. *Sibley, Lindsay & Curr Co.*, 302 N. Y. 304). In that state of the record, the board was without warrant for its finding that the claimant sustained any traumatic injury on or after January 1, 1947 — the date on which Standard Accident Insurance Company became the employer's carrier.

The order of the Appellate Division and the award of the Workmen's Compensation Board, insofar as appealed from, should be reversed, with one bill of costs to the appellants, and the claim remitted to the Workmen's Compensation Board for further proceedings not inconsistent with this opinion.

LEWIS, CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ., concur.

Ordered accordingly.