In the Matter of the Claim of MARY E. DEYO, Respondent, against VILLAGE OF PIERMONT, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, December 22, 1953.

*Charles P. Barre* for appellants.

*Nathaniel L. Goldstein, Attorney-General (Gilbert M. Landy* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

*David Coral* for claimant-respondent.

COON, J. The original claimant, Eugene Deyo, was employed as acting police chief of the village of Piermont, N. Y. On January 12, 1948, during a fire in the village, Deyo directed traffic from 8:10 P.M. until 1:15 A.M. the following morning. The weather was cold and rainy, with some sleet. Claimant returned to duty the same morning at 7:00 A.M. He noticed nothing unusual until three days later when he discovered that the fingers of his left hand were becoming stiff and that he was losing the power in this hand. Within a few days he casually met a doctor on the street and told him about the condition of his hand, and was advised to keep it warm. He received no medical treatment until January 25, 1948. Claimant died from unrelated causes on October 1, 1950. The board, with one member dissenting, has found " accidental injuries " and made

a posthumous award to his widow based upon the following finding: " Due to unusual exposure to cold, mist and sleet he aggravated an underlying condition of either bursitis or peri-arthritis, which caused atrophy of the muscles of the left shoulder and diffuse soreness with limitation of motion, with thickening of the tissues of the left hand and edema and limita-tion of extension and flexion of all fingers which resulted in 66⅔ per cent loss of use of the left arm."

The decedent, Deyo, was fifty-nine years old. He had been employed as a police officer for twenty-four years, and for the last six years as acting chief of police. As such he had patrol duties requiring him to direct traffic in " all kinds of weather." He testified: " Q. And that is one of your regular duties? A. Absolutely. Q. And in responding to that call you weren't doing anything unusual? You were doing one of your regular responsibilities, one of your regular duties? A. Absolutely." There is no evidence of any sudden or catastrophic occurrence which would be regarded as an accident in the view of the common man. No disability, pain, or other indication of any physical change occurred while Deyo was on the job. Even Deyo was unaware that anything had " happened " to him at the time. His subsequently discovered difficulty was gradual in process, and all of the medical testimony pictures a condition which became slowly and progressively worse and of an origin wholly speculative. Dr. Knight found that decedent was suffer-ing from hypertension with blood pressure of 210/100. Dr. Moldaver discovered difficulty with his blood pressure and cir-culation. Dr. Goldberg treated decedent for rheumatoid arthri-tis. Dr. Grosselfinger reported in part as follows: " All of the finger joints of both hands show a mild degree of arthritis of the degenerative type usually seen in a patient of this age. * * * The blood pressure is at 220 over 160." He further reported that he saw no relationship between the conditions of the weather and his subsequent symptoms.

*Matter of Horn v. Pals & Solow* (299 N. Y. 575) would seem to be controlling here. In that case, claimant worked on a very cold, stormy day in a room with insufficient heat and which was extremely cold; she was exposed to " unusual cold " and suf-fered a " sudden chill " causing her to suffer a respiratory infection and an activation of a pre-existing inactive rheumatic fever condition. The Court of Appeals held that there was no evidence of an accidental injury within the meaning of subdivision 7 of section 2 of the Workmen's Compensation Law.

We are mindful of the trend in the so-called " heart cases " to somewhat relax the rule that the work or exertion must be unusual or beyond normal duty, providing the attack occurs from the exertion of the work. (*Matter of Masse* v. *Robinson Co.*, 301 N. Y. 34; *Matter of Gioia* v. *Courtmel Co.*, 283 App. Div. 40.) However, we do not think the interpretation of what constitutes an " accident " should be extended to fringe cases such as this, where there is no single incident which would be regarded as an accident by the common man. There must be some element of suddenness — something catastrophic — and some incident immediately noticeable. We find no evidence in the record before us to sustain a finding of an accident.

The award should be reversed and the claim dismissed, without costs.

FOSTER, P. J., BERGAN, HALPERN and IMRIE, JJ., concur.

Award reversed and claim dismissed, without costs. [See *post*, p. 678.]