In the Matter of the Claim of FRANK J. NICOLETTI, Respondent, against S. H. POMEROY Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Employer and its insurance carrier have appealed from a decision of the Workmen's Compensation Board awarding claimant compensation for partial disability at reduced earnings. Employer manufactures metal products and employed claimant as a power press operator. The board has found that, while lifting a sheet of metal into a power press, claimant sustained accidental injuries in the nature of a lumbosacral sprain with sudden pain and that he was subjected to a series of traumas in the course of his work, which either caused the present condition or aggravated an underlying condition, resulting in disability. Some confusion has arisen because of claimant's initial failure to report an accident and his later testimony of an accident. In testifying he stated that in early March, 1951, while lifting into the press a metal sheet weighing about thirty pounds, he felt sudden sharp pain in the back, describing it, " It came sudden, like that [snapping fingers] ". He was examined by Dr. Bragg on May 24, 1951, who, incidentally, was still treating him on May 20, 1952. At the examination the doctor received a history of a strain or sprain in claimant's back at the beginning of March, 1951, while lifting heavy irons, but claimant could not recall any particular event of onset of the pain, believing it came on gradually while at heavy work. Claimant made no report of accident to the employer but asked the nurse for aspirin and continued his work. Evidently he first thought the pain was related to a rheumatic condition or neuritis, for which he had been receiving treatments. This is borne out by a statement he signed for the carrier on May 21, 1951, three days before he consulted Dr. Bragg. In April, he had visited a hospital clinic, where he gave no history of an accident. In any event, the pain increased to such an extent that he stopped work on March 19, 1951. Dr. Bragg diagnosed the trouble as unstable lumbosacral joint and chronic lumbosacral strain causally related to the history given him by claimant. He testified further that the type of claimant's work and the manner of doing it, involving repetitious lifts of weights, some twisting and working the pedal with his foot, could aggravate a hidden weakness in the back and bring out symptoms sooner than in ordinary life. There was undisputed evidence of an incident, catastrophic in nature, with the characteristics of an accident, as well as proof of an accident through a series of traumas tending to aggravate a hidden weakness, factors not inconsistent with each other and sufficient to support the findings of the board. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.