In the Matter of the Claim of FRED MEYER, Respondent, against A. HOLLANDER & SON, INC., et al., Appellants, and EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY OF WISCONSIN, Respondent.

WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, December 28, 1954.

*John E. Knauf* for appellants.

*Joseph C. Spano* for claimant-respondent.

*Merton D. Meeker* and *Edward C. Halligan* for Employers Mutual Liability Insurance Company of Wisconsin, respondent.

*Nathaniel L. Goldstein, Attorney-General,* for Workmen's Compensation Board, respondent.

BERGAN, J. The controversy is between carriers. There is no doubt that there was an accident on February 21, 1946, when respondent Employers Mutual was on the risk. Claimant was struck by a pipe, fell and injured his shoulder and sustained a subdeltoid bursitis. On October 18, 1946, he suffered a strain shovelling coal which aggravated the pre-existing condition. The same carrier was then on the risk and no question is raised about these being accidents.

The finding of the board as to the third accident, chargeable to the new carrier, appellant Liberty Mutual, is that " Due to his strenuous work and unusual exertion of firing the boiler and shoveling of coal in November, 1948 " claimant " was caused to sustain accidental injuries to his left shoulder in the nature of an aggravation of his prior condition of calcified subdeltoid bursitis ".

The finding is not supported by substantial evidence. Nothing in the record shows that shovelling coal was " unusual exertion " or that there was any " accident ", either as a definite external event leading to a physical consequence; or even as a definite or specific internal physical event.

The proof merely is that generally the " shoveling " caused an aggravation of a physical condition previously caused. This could lead to either one of two results: (a) it could be treated as a natural result of the first injury and charged to the carrier

responsible for that injury — as where a man tries to do his normal work after an injury and has a recurrence; or (b) it might be treated as an occupational disease.

Even with the cases going as far as they have gone, no case has treated a mere physical " aggravation " of a condition caused by general activity as an " accident ". There have been " accidents " where not much has happened externally and a definite event could be demonstrated physiologically, as well as " accidents " where the only external event demonstrated was " unusual " exertion; but never any case as general in both aspects as this is. An accident under the Workmen's Compensation Law need not be the occurrence of much of anything; but it must be the definite occurrence of something.

This record does not show anything unusual occurred in November, 1948, when the accident here at issue is found to have happened. After the accident of October, 1946, claimant worked a number of times as a fireman. He was employed as a fireman in 1946 " for the entire year ". During several periods in 1947 he worked as a fireman — for instance in January; from June to August, and September to October, and he appears to have worked as a fireman from December, 1947 to March, 1948. The only proof he worked as a fireman in November, 1948, is his own testimony. The employer's records show he worked in another department in November, 1948, and was laid off December 6th.

There was thus nothing " unusual " about his work as a fireman. Nor is there any proof that what he was doing was strenuous or involved " unusual " exertion. He did not say there was any unusual strain or, indeed, any strain in what he did. Throughout his testimony he described what he did as merely " shoveling ".

Nor is there any definite or specific physiological event shown that could be regarded on this record as an " accident ". Examples of claimant's description of events are: " In 1948, November or December * * * my shoulder was swelling up "; it " started to swell " when " I started to shovel " and it became " worse and worse " as he shovelled " more "; the pain " came on after " he " started shoveling "; " I started shoveling and there was inflammation when I went to the doctor ". But he always felt pain in the shoulder after the original accident.

Nor is there any definite physical event shown medically. The doctor merely said in general terms that " the shovelling * * * aggravated the original condition ". The " shovel-

ling " did not cause the condition. Physiologically the aggrava-
tion was brought about by " the pull of the muscles in the
shovelling of coal "; by " just contracting of the muscles ".
The condition was " chronic " with " acute exacerbation " as
he " brought his shoulder into play ". All this does not suggest
" accident " in the physiological sense.

We have here a case of general aggravation of a physical
condition by the nature of the work. We have gone very far in
attributing accidental results to the nature of the work but we
have not gone this far and we ought not to do so in this case.

In every case in which a man's " usual work " has been the
basis for finding of accidental injury some definitely attributable
physical event occurred. The decision in *Matter of Ussach* v.
*Carolee Shops* (282 App. Div. 902) is an example. The claimant
was doing his usual work clearing a store window. As he
stooped over to pick up a display glass he " got a sharp pain ".
The court was careful in its decision to note that while the
accident need not be " catastrophic " it must be a " happening,
particularized in time and occurrence " (p. 903). This record
certainly does not meet that test.

Pain accompanying a sudden event such as quick stopping of
a truck and definitely placed experiences in lifting permit alloca-
tion of time to a physiological event (*Matter of Katz* v. *Leggett
& Co.*, 282 App. Div. 753). Again a " usual work " case was
affirmed where claimant described a particular shock in his neck
while turning, described medically as traumatic myocitis (*Matter
of Pioli* v. *Crouse-Hinds*, 281 App. Div. 737). We felt this was an
" accident in the classic sense ". (See, also, *Matter of Kayser*
v. *Erie Co. Highway Dept.*, 276 App. Div. 789.)

Of course " aggravations " resulting from external accidents
are compensable, not because all aggravations are compensable,
but because they are in such cases the resulting physical effects
of definite accidents.

Finally, unusual work has been regarded as an accident, but
it must be shown factually to be excessive or unusual on the
basis of some sort of substantial evidence. Excessive tempera-
ture within a boiler " above normal " was regarded as unusual
work in the severe strain involved in cleaning the interior of
boilers in *Matter of Broderick* v. *Liebmann Breweries* (277 App.
Div. 422); and the excessive strain of special work was similarly
considered in *Matter of Borra* v. *Siwanoy Country Club* (280
App. Div. 906).

The case before us rather falls within the rule of *Matter of
Kobinski* v. *George Weston, Ltd.* (302 N. Y. 432) where there

was a mere aggravation of a pre-existing physical condition incurred in the course of usual work. If there is to be an award the carrier on the risk when the first or second accidents occurred should be responsible.

The award as against appellant carrier should be reversed and the case remitted to the board for further proceedings.

FOSTER, P. J., HALPERN, IMRIE and ZELLER, JJ., concur.

Award reversed and the matter remitted to the Workman's Compensation Board for further proceedings, with costs to appellant against the respondent carrier.