■ In the Matter of the Claim of IRVING FISCHER, Respondent, against KENMORE SERVICE STATION et. al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and carrier from an award of the Workmen's Compensation Board allowing a schedule 7½% permanent loss of use of claimant's left thumb and a 15% permanent loss of use of his left index finger. Claimant was a filling station attendant and sustained an injury in the course of employment when he removed an automobile radiator cap and hot water and steam spurted out and burned his hand and arm. Appellants do not question the accident or the injury or the percentage of loss of use. The sole contention is that the burn was on the forearm and the disability to the thumb and index finger is not the result of the accident. While it is true that the scars left as a result of the burn were on the forearm, there is evidence that the heel of the hand, the hand, and even the fingers were also burned. There is no evidence of pre-existing disability. There is medical evidence that the burn on the forearm could have an effect on the fingers. The record contains substantial evidence to sustain the finding that the injuries for which the award was made are causally related to the accident. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.

■ In the Matter of the Claim of GRACE ROBINSON, Respondent, against NEWS SYNDICATE CO., INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and carrier from a decision and award of the Workmen's Compensation Board. Claimant, a 54-year-old woman, a reporter employed by the appellant, covered a trial in the Federal District Court in New York City in the summer of 1949. During the six-week trial she worked for several hours a day at a desk in a corridor outside the courtroom. The courtroom was air-conditioned but the corridor was not. Claimant testified that an electric fan, located about 10 feet behind the desk, played on her back constantly while she was working. On July 8, 1949, the day that the jury was deliberating its verdict, she had to stand on the marble floor of the corridor for some 11 hours. Late that day she felt pain in her left leg and back and as a result was unable to work for about 5 weeks. Thereafter she was still unable to get about as a reporter but returned to work at a rewriting and editing job at the same salary. One physician who treated claimant testified that she was suffering from a degenerative back condition unrelated to the events in the courtroom corridor. Another physician, who treated claimant in 1953, testified that the claimant was suffering from a lumbosacral myofascial strain which was caused by the fatigue and exposure to cold drafts which he assumed emanated from air conditioning in July of 1949. The referee dismissed the claim on a finding of no accident, but the board reversed and ordered an award, and found that on July 8, 1949, claimant sustained accidental injuries in the nature of lumbosacral myofascial strain resulting from standing "for eleven hours in a drafty corridor with an electric fan blowing on her". It does not appear that the fan was blowing on claimant during the day she stood so long in the corridor. Furthermore, the claimant disavowed any claim that her disability was caused by the blowing of the fan. She testified, "But I suffered no ill effects from the fan, the only ill effects was [sic] while standing that eleven hours". On this state of the record, there was no justification for the finding that the claimant had suffered an accident on July 8, 1949 (*Matter of Deyo* v. *Village of Piermont*, 283 App. Div. 67). Decision and award reversed and the matter remitted to the board for further proceedings, with costs to the appellants against the board. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.