In the Matter of the Claim of JOHN CONROY, Respondent, against RUPERT FISH Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from a decision and award of the Workmen's Compensation Board. The board found that in the course of claimant's work of handling boxes of frozen fish, requiring him to go in and out of freezers continuously, he became disabled due to pneumonia; and that due " to the cumulative effect of the claimant's work and the nature of his employment and his condition, a quiescent tuberculosis was activated which caused him to become disabled from March 24, 1952 ". It was found that the " pneumonia and tuberculosis was [*sic*] an occupational disease ". The board further found that on March 24, 1952, claimant " sustained accidental injuries in the nature of pneumonia with chills, fever, coughing and sweating which, together with the cumulative effect of his work and the nature of his employment and his physical condition, resulted in the activation of a quiescent tuberculosis ". In our view, the record supports neither the finding of accident nor that of occupational disease. We consider first the question of accident. Claimant testified that on March 24, 1952, while going in and out of the freezer, he perspired, had a chill, went home and that evening consulted a doctor. He also said, however, that he had complained of feeling badly " early in the day ". The board found claimant disabled by reason of tuberculosis from the very day of this incident and indeed his chest expert opined that claimant had tuberculosis on that day. Claimant said that his work had not changed during the five years preceding that day; that he customarily went in and out of the freezer from 50 to 100 times per day; that nothing unusual occurred on the day in question except his chill. He said, however, that chills " happened off and on " during the five years; and in his claim, prepared by his attorney, he described the " accident " as follows: " Constantly chilled from working in freezer." The evidence seems clearly to negate the theory of disease induced by an industrial accident. Inception of the disease is not " assignable to a determinate or single act, identified in space or time " nor " to something catastrophic or extraordinary ". (*Matter of Lerner* v. *Rump Bros.,* 241 N. Y. 153, 155; see, also, *Matter of Horn* v. *Pals & Solow,* 299 N. Y. 575; *Matter of Lesnik* v. *National Carload-*

*ing Corp.,* 285 App. Div. 649, 652, affd. 309 N. Y. 958; *Matter of Deyo* v. *Village of Piermont,* 283 App. Div. 67.) Neither do we find evidence of any substance supportive of the finding of occupational disease. Claimant's physician said that claimant's getting chilled probably caused his pneumonia and that the pneumonia could have activated an underlying tubercular lesion. While this evidence went to the question of causation in the particular case, neither this nor any other proof related the disease to the occupation generally. The test of occupational disease " is not met where disability is caused by an aggravation of a condition which is not occupational in nature." (*Matter of Detenbeck* v. *General Motors Corp.,* 309 N. Y. 558, 562; *Matter of Goldberg* v. *Conversions & Surveys,* 6 A D 2d 563.) It is true that certain of the cases cited by the Attorney-General at first glance seem not readily distinguishable. It does appear, however, that those in which a pulmonary disease was attributed solely to accident involved unusual or emergent exposures (cf. *Matter of Lerner* v. *Rump Bros., supra,* p. 156) pinpointed in each case to a particular occasion and those resting upon findings of occupational disease preceded the decision of the *Detenbeck* case (*supra*) and did not have to be subjected to the evidentiary test there prescribed. We note and disapprove the alternative form of finding of accident " and/or " occupational disease in the board's memorandum decision. Decision and award reversed and claim remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith, with costs to appellants against the Workmen's Compensation Board. Foster, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.