■ In the Matter of the Claim of VIRGINIA FLYNN, Respondent, against MEMORIAL HOSPITAL MEMORIAL CENTER et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and carrier from an award and decision of the Workmen's Compensation Board finding claimant sustained an accident on January 12, 1956, within the provisions of the Workmen's Compensation Law. Virginia Flynn (claimant) was employed as a nurse by Memorial Hospital, New York City. Her duties, in part, were to open heavy doors, give blood transfusions and prepare blood specimens, involving twisting, turning, pulling and pushing movements of her right hand. The board found that such duties resulted in traumas and that she sustained accidental injuries in the nature of epicondylitis and tendonitis, which caused

her to be disabled on January 12, 1956. The employer-carrier offered no testimony. The record is wholly lacking in establishing the happening of an accident on January 12, 1956, within the meaning of the statute. In *Matter of Deyo* v. *Village of Piermont* (283 App. Div. 67, 69), the court said: "we do not think the interpretation of what constitutes an 'accident' should be extended to fringe cases such as this, where there is no single incident which would be regarded as an accident by the common man. There must be some element of suddenness — something catastrophic — and some incident immediately noticeable." (See *Matter of Hoare* v. *Great Atlantic & Pacific Tea Co.*, 8 A D 2d 561.) In the instant case, the record discloses nothing unusual on the day on which the board established the happening of the accident and there is no substantial evidence to support its finding. Decision and award reversed and claim dismissed, without costs. Foster, P. J., Bergan, Coon, Herlihy and Reynolds, JJ., concur.