■ In the Matter of the Claim of JOSEPH STEINDEL, Respondent, against GORDON BAKING Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its carrier from a decision of the Workmen's Compensation Board which made a finding of accidental injury. The claimant had been a tractor-trailer driver for the employer herein for 17 years. Sometime in 1954 he began to be bothered by pains in his back while driving his truck. These pains would come after a bouncing around in his truck due to the truck's bad spring arrangement and vibrations caused by driving on rough roads. On May 21, 1954 he consulted Dr. Mellisy about the pains and received diathermy treatments and a lumbar support. Dr. Mellisy testified that the claimant has a chronic back pain, probably lumbo-myofascitis, which could have been caused by the type of driving which he did and he recommended that he see an orthopedic man. The claimant has continued to work and has lost no time. The Referee made a finding of occupational disablement, setting May 21, 1955, as the date of disablement and authorized occasional observation. On review the board modified this decision by finding that the claimant had sustained an accidental injury in the nature of repeated traumas and that the date of the accident was in mid 1954 when the claimant

began to feel pain. The finding of accidental injury cannot be upheld for there was no element of suddenness, nothing catastrophic nor any incident which would be regarded as an accident by the common man (*Matter of Deyo* v. *Village of Piermont*, 283 App. Div. 67; *Matter of Flynn* v. *Memorial Hosp. Mem. Center*, 8 A D 2d 926). The claimant's condition admittedly developed gradually over a period of time. It is possible that an occupational disease can be established if and when disablement should occur and therefore the matter should be returned to the board. Decision reversed and matter remitted to the Workmen's Compensation Board, with costs against the board. Foster, P. J., Bergan, Coon, Gibson and Reynolds, JJ., concur.