■ In the Matter of the Claim of DIEDRICH F. ROSENBERG, Respondent, v. SCINTILLA DIVISION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— This appeal by the employer and carrier brings up for review a decision of the Workmen's Compensation Board holding that the record supports a finding of " accident and/or occupational disease ". We have previously disapproved of such an alternative finding. (Matter of Conroy v. Rupert Fish Co., 8 A D 2d 553.) No clear-cut determination is presented for review, and the matter would have to be remitted for a clarified decision in any event. However, we are of the opinion that the evidence fails to establish either accident or occupational disease. Concededly claimant has suffered a hiatus hernia. The medical testimony is to the effect that claimant had a pre-existing condition and probably had the weakness from birth. The theory of the claim is that the work aggravated the condition. Claimant operated a "hand screw machine" which he could do from either a standing or sitting position. He had to place a piece of stock in the machine and lock it in place by operating a lever, which he said sometimes had a jarring effect on his body. Claimant does not describe any accident or any single identifiable event. He says that sometime in June or July of 1952 he felt a sudden pain in his chest. He does not attribute the pain to any single incident or describe what he was doing except that he was operating the machine. Moreover, the medical testimony negatives the theory of accident and is to the effect that claimant's condition is not attributable to any one episode or single event. An aggravation of a pre-existing condition incurred in the course of usual work is not an " accident ". (Matter of Kobinski v. George Weston, Ltd., 302 N. Y. 432; Matter of Steindel v. Gordon Baking Co., 9 A D 2d 798; Matter of Meyer v. Hollander & Son, 285 App. Div. 195; Matter of Deyo v. Village of Piermont, 283 App. Div. 67.) The most that the record discloses on the question of occupational disease is the aggravation by usual work of a pre-existing condition. This does not constitute an occupational disease. (Matter of Detenbeck v. General Motors Corp., 309 N. Y. 558.) Award reversed, with costs to appellants against the Workmen's Compensation Board, and the matter remitted to the Workmen's Compensation Board.