■ In the Matter of the Claim of RICHARD LILLIS, Respondent, v. HARD MANUFACTURING Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from a decision and award of the Workmen's Compensation Board for disability resulting from a lumbosacral strain. The incident described by claimant and which, according to his medical evidence, caused the strain, and the resulting pain said to have marked it as accidental, occurred while claimant, after crawling into a 50-inch steel chiffonier or hospital dresser, weighing 75 pounds, and lifting the chiffonier with his back, was spot welding the substop and end panel by pumping with one foot upon an "old time" spot welder while standing upon his other foot. Appellants deny the occurrence of a specific event constituting an accident and, citing varying medical opinions, attribute claimant's condition to a "deformity", being scoliosis of the spine resulting from a shortened leg, "or natural causes or both", the suggested possibilities including arthritis, a degenerated disc and, indeed, strain related to work activity and "superimposed upon arthritis" but not, under appellants' theory, constituting occupational disease or assignable to accident. From claimant's testimony, read and considered in its entirety, it can reasonably be said, and thus the board was entitled to find, despite some confusion and difficulty of expression on the part of claimant, that claimant described an initial episode of severe pain in April or May, 1957; that he had never before experienced back difficulty and radiating leg pain; that thereafter and over a period of time the pain worsened; and that claimant's inability to particularize related to that subsequent period and his difficulty of identification was in regard to the time of the episode marked by the onset of initial severe pain and not with respect to its occurrence as a definite event. Thus, when asked if anything "unusual" happened, he said, "Yes. *I hurt my back* * * * I think it was the latter part of April" but did not know "the exact date", and, still referring to the particular incident, "I believe it was during the operation Mr. Tubbs was down." He then went into a description of the work generally, being to some extent led by counsel, but almost

immediately reverted to the particular pain on the particular day and continued by describing how the pain "got quite a bit worse", then "running down" his right leg, until in the middle of May, with the pain "getting worse", he reported to his foreman that "I think I hurt my back in the chiffoniers" and was sent to the plant dispensary and thence to a physician. On cross-examination he admitted that in a two-page statement to an investigator (which carrier did not offer in evidence and is not before us) he said that he did not *recall* "any one lifting or moving that caused pain" but when the cross-examiner previously suggested, "It wasn't one specific day or one specific hour?", said, "Yes, there was", although he was unable to identify the day except as in the latter part of April or the first part of May, and again, "I just had it one day, that is all. I never had any trouble with my back before." The medical evidence of accidental causation was also substantial. The medical opinion of lumbosacral strain was unanimous. Such a physical "strain" suggests the occurrence of a definite event. The attending physician reported a history which meets the definition of accident and causal relation thereto. His testimony, elicited by questions not too clearly framed, in essence related the condition to accident (upon the history of lifting) and seems to have been so understood at the time and was not attacked, or indeed explored, upon cross-examination. One specialist, although denying that claimant described an accident as such, related a history which could be thus construed and reported that the strain "was a direct result of the accident of April or May, 1957" but when testifying asked to correct this because "I contradict myself". Another specialist said that the bending and twisting described could cause the strain. One of appellants' experts related the condition to claimant's work activity but not necessarily to accident. The case is in many respects closely parallel to *Matter of Nicoletti* v. *Pomeroy Co.* (283 App. Div. 1129). Decision and award affirmed, with costs to the Workmen's Compensation Board. Bergan, P. J., Coon and Gibson JJ., concur; Herlihy and Reynolds, JJ., dissent and vote to reverse in the following memorandum: The claimant had sustained an accident in childhood which resulted in a leg shortening and over the years had produced a spinal defect from which the claimant was suffering at the time of the alleged occurrence, his age then being 24 years. The board by decision of December 17, 1958, determined "that claimant's activities in April and May of 1957 constituted an accidental injury and produced claimant's back disability". A supplemental decision of September 21, 1959, stated "that on a day in late April or early May, 1957, claimant felt pain in his back * * * that claimant sustained an accidental injury and that this accidental injury caused a lumbosacral strain which disabled claimant and caused him to stop work on October 28, 1957." The findings do not suggest or support the happening of an accident. About the best that can be deduced from the testimony is that on one particular occasion he suffered pain of unusual severity but he could give no further details as to the time or date of such event. It has been continually held that such vague and indefinite testimony does not constitute the happening of an accident. (*Matter of Kobinski* v. *George Weston, Ltd.*, 302 N. Y. 432; *Matter of Deyo* v. *Village of Piermont*, 283 App. Div. 67; *Matter of Cunningham* v. *Neisner Bros.*, 9 A D 2d 965.) The medical testimony in sum supports a finding of disability resulting from an aggravation of a pre-existing underlying condition and not the occurrence of an accident. (*Matter of Rosenberg* v. *Scintilla Division*, 12 A·D 2d 551.) The record as a whole does not sustain the board's finding of an accident. The award should be reversed and the matter remitted.