■ In the Matter of the Claim of WALTER LEROY, Respondent, v. ESTATE OF PAUL A. TOMPKINS et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— HAMM, J. Appeal by employer and carrier from a board decision holding the carrier wholly liable for the claimant's disability and medical care. The initial accident occurred while the claimant was in the appellant's employ. The appellants contend that the decision should be reversed and the claim remitted on the ground that the disability was due in part to the claimant's work as a stonecutter after the accident and while self-employed. On October 16, 1956, the claimant, while employed as a stonecutter in the employer's quarry, was injured when, as he was lifting a large stone weighing between three and four hundred pounds, a fellow worker let his end down and all of the weight became sustained by the claimant. Several months later the claimant became self-employed. He had been treated by a general practitioner who made no exact diagnosis other than "Acute lumbosacral strain" prior to the claimant's examination by a neurosurgeon in 1959. In his report dated December 14, 1959, the neurosurgeon stated that, while there were no objective findings on examination, "one would be suspicious of a possible disc lesion on this patient". In an attending physician's report dated December 23, 1959, the general practitioner stated: "I still diagnose this case as a most probable spinal disc injury and expect exacerbation as soon as he has worked at all strenuously again". Ultimately the neurosurgeon operated for the removal of a ruptured disc in February of 1962. An orthopedist, who examined for the carrier, stated in a report following an examination made after the operation that the claimant had had "a ruptured disc for many years, probably dating back to the accident of 1956 with some continued symptoms off and on until 1962 when Doctor Kane removed a ruptured intervetebral disc." The neurosurgeon was the only witness who gave oral testimony. He stated that the "accident back in 1956" was "the beginning of his problem, yes, without any question, from the history" and that he felt that the claimant's "permanent disability here related to his 1956 accident". He also testified that the claimant's work exposure after the 1956 accident "could increase the pathology to the point where he had an untractable type of pain and it was a progressive sort of thing as a result of wear and tear." The board found that the claimant's "disability and the necessity for medical care were wholly due to the accidental injury of October 16, 1956" and that there was "no subsequent traumatic incident". Substantial evidence indicates the absence of any definite or specific event that the board was required on this record to regard as a second accident. Moreover the expert testimony demonstrates medi-

cally no definite physical event but a case of exacerbation, by the nature of the work, of the accidentally caused physical condition; at least the board could so conclude within the ambit of its fact-finding power. The decision appealed from was supported by substantial evidence (cf. *Matter of Meyer* v. *Hollander & Son,* 285 App. Div. 195). Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Reynolds, Taylor and Aulisi, JJ., concur.