In the Matter of the Claim of GEORGE TSIRIGOTIS, Respondent, v. SAMUEL SCHOLSBERG, INC., et al., Appellants, and GREATER NEW YORK MUTUAL INSURANCE CO. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeal by the employer and its carrier, the State Insurance Fund, from a decision of the Workmen's Compensation Board discharging the Greater New York Mutual Insurance Company from liability for any portion of the awards made to the claimant. Between 1962 and 1966 claimant filed three claims against his employer alleging in each case injury to his back. The first claim for a lumbo sacral sprain occurring on November 7, 1962 was not controverted by the State Insurance Fund, the employer's carrier at that time, and, accordingly, an award for disability was made for the period claimant was unable to work. On October 15, 1965 the second claim was filed for a back injury which occurred on Novemebr 27, 1964, when the Greater New York Mutual Insurance Company was then the employer's carrier, and it also was not controverted and an award was made following a hearing on March 21, 1966. Thereafter on July 6, 1966, a third claim was filed alleging a back injury on May 27, 1965 and at the same time claimant's attorney requested that the 1962 claim be reopened and all three claims scheduled for a joint hearing. This application to reopen was granted and the issue subsequently centered on the apportionment of the awards between the two carriers. The Referee determined that the awards were "chargeable $\frac{1}{3}$ to each case". Greater New York thereupon requested board review and the board found that the 1964 and 1965 injuries were not new accidents but merely recurrences or exacerbation of the initial 1962 injury and assessed all liability against the State Insurance Fund. The State Insurance Fund brings the instant appeal from this decision of the board. Appellants' argument, that the board was without jurisdiction to find that there was no accident on November 27, 1964 since no timely appeal was taken by Greater New York from the Referee's decision finding an industrial accident and making an award, has no merit in view of the continuing jurisdiction given the board by section 123 of the Workmen's Compensation Law (*Matter of Boccia* v. *City of New York*, 24 A D 2d 663). Similarly, in view of section 123 and particularly since there is no showing that Greater New York had knowledge of the 1962 accident when it failed to controvert the claim or the Referee's decision, there is no basis for the applicability of any theory of estoppel in the instant case. Finally, whether the incident of May 27, 1965 was an accident is clearly factual. While an incident may be an accident viewed either from the standpoint of cause or effect (see *Matter of Nicoletti* v. *Pomeroy Co.*, 283 App. Div. 1129) and the aggravation of a pre-existing condition may be deemed a compensable accident (*Matter of Devine* v. *Wilcox Supermarket*, 28 A D 2d 573), "Back injury cases should be in a category of their own because, once injured, there is the ever-present danger of recurrence and the question then arises as to whether the subsequent incident was a new accident, an aggravation or as testified to herein, an accident associated with the primary injury." (*Matter of Hogan* v. *Weldmaster Co.*, 11 A D 2d 557.) Accordingly, since we find adequate medical evidentiary support of the board's finding, its decision must be affirmed. Decision affirmed,

with one bill of costs to respondents filing briefs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Reynolds, J.