In the Matter of the Claim of MILDRED WYNN, Respondent, v. PARAMOUNT PLUMBING Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J. Appeal by the employer and carrier from a decision which awarded death benefits in a heart case. Decedent, a plumber, employed on a construction contract, collapsed at home on a Sunday and, as the board found, died shortly thereafter of a myocardial infarction. Decedent had last worked on the previous Friday when he was engaged in installing pipes from the fourteenth to the sixteenth floors of a building in course of construction, in which there was then no elevator. Decedent carried tools weighing 25 pounds up the stairs to the high level at which he was working; made at least two trips down to the ground to cut lengths of pipe which, when cut, varied in length from 12 to 28 inches and in weight from a few pounds to as much as 70 pounds, and which he then carried up to the work station; and, in addition, helped to assemble pipe, this work requiring the use of wrenches from 10 inches to 2 feet long, weighing from 2 to 10 pounds. His brother and his wife described his appearance and complaints of fatigue and his "rough" work day, on that and the succeeding days until his death. The board found, upon substantial evidence, that " decedent performed strenuous work involving climbing 14 to 16 flights of stairs, three times, carrying tools and pipe, that this work was greater than the ordinary wear and tear of life and put an excessive strain on decedent's heart muscle causing damage to the myocardium, which progressed over the week-end and culminated in the final fatal attack." Appellants advance the rather unusual argument that recovery may not be had in this or any similar heart case unless the attack follows as an " immediate result" of the exertion; and they assert that " in the absence of any specific exertion which produced complaints  *  *  *  there is nothing in this record which an average man would regard as an accidental injury." In support of this theory appellants cite, out of context, a reference to the requisite " element of suddenness" mentioned in *Matter of Deyo* v. *Village of Piermont* (283 App. Div. 67, 69); but *Deyo* held merely that an aggravation of an underlying condition of either bursitis or periarthritis, which had developed gradually, over a period of time and could not be related to any specific work activity, was not within the " interpretation of what constitutes an 'accident'". While many heart cases involve overt symptoms and immediate collapse, such have never been deemed prerequisite to recovery. (See, e.g., *Matter of Schechter* v. *State Ins. Fund*, 6 N Y 2d 506; *Matter of Prue* v. *Empire Scrap Metals*, 32 A D 2d 680; *Matter*

*of Murphy* v. *Howard & Schaffer,* 17 A D 2d 882.) Indeed, the very ground for reversal urged in this case was adopted by this court and disapproved by the Court of Appeals in the landmark case of *Matter of Masse* v. *Robinson Co.* (301 N. Y. 34). Awards have been sustained in a number of cases presenting facts markedly similar to those in the case before us. (See, e.g., *Matter of Himovitch* v. *Chiaet Ornamental Iron Works,* 24 A D 2d 799, mot. for lv. to app. den. 17 N Y 2d 418; *Matter of Hutton* v. *Ford Motor Co.,* 9 A D 2d 589, mot. for lv. to app. den. 7 N Y 2d 705.) Appellants' contentions with respect to the medical proof of causality are equally tenuous, the evidence presenting no more than the usual conflict of medical opinions, which the board was entitled to resolve as it did. (*Matter of Palermo* v. *Gallucci & Sons,* 5 N Y 2d 529.) Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Aulisi and Greenblott, JJ., concur in memorandum by Gibson, P. J.