In the Matter of the Claim of JOE BUCHANAN, Respondent, against BETHLEHEM STEEL COMPANY, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by a self-insured employer from an award made by the Workmen's Compensation Board to claimant for disability found to have resulted from an occupational disease. The employer was engaged in the manufacture of steel products and claimant was employed as a cradleman in connection therewith. His work consisted of piling various articles of steel, some of which were of great weight, and binding them up so they could be lifted by a crane. This work embraced a considerable lifting and pulling of the products involved. Claimant worked for about four years at such work without difficulty, but finally became disabled from a low back strain with muscle spasm, which the board found was an occupational disease resulting from the nature and condition of his employment to which all employees of his class were subjected. Claimant suffered from a congenitally weak back, and there was medical testimony to the effect that his work superimposed on a weak back caused his disablement. The employer argues that a normal person would not be so affected, and hence there was no hazard of back strain to which all of the employees so engaged were subjected as a class. We think it manifest that the board could find to the contrary as a matter of fact, but in any event claimant's predisposition to back strain did not bar a finding of occupational disease. Award affirmed, with costs to the Workmen's

Compensation Board. Foster, P. J., Heffernan, Bergan and Coon, JJ., concur; Deyo, J., dissents, in the following memorandum: I fail to find in this record any evidence of occupational disease. On the contrary, it appears that claimant's disability is caused by a congenital weakness of his back. There is no proof that his condition, i. e., low back strain with muscular spasm, is a natural incident of claimant's occupation, to which all employees of the same class are subject. On the contrary, the proof is that people with normal backs engaging in this work would not be thus affected. The award should be reversed and the matter remitted to the board for further consideration and proof.