■ In the Matter of the Claim of CLAYTON F. FELLOWS, Appellant, v. SYRACUSE SUPPLY COMPANY et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J. Appeal by claimant from a decision which disallowed his claim under the Workmen's Compensation Law for disability

due to a back condition alleged to constitute an occupational disease. His attending physician testified to a history of pain while lifting, at a time when claimant was not working, and said that his diagnosis at the time was of an acute low back sprain and possible herniated disc. The physician to whom claimant was later referred received at the time no history of an industrial accident or of any work-connected condition; found osteoarthritic degenerative changes in the lower back which had been present for an extended period of time; and filed with the employer's carrier under the Disability Benefits Law a report denying employment-connected disability, and subsequent reports of condition, upon the basis of which claimant was granted, and continued to receive disability benefits. At a hearing before the Referee, however, this physician, on the basis of a history subsequently received from claimant, testified to occupational disease. The board found "no evidence of an accidental injury arising out of and in the course of employment" and found, also, "that the claimant did not sustain an occupational disease". In then stating that there was "no recognizable link between the claimant's back condition and a distinctive feature of his employment", the board beclouded the basis of its otherwise adequate and warranted denial of occupational disease, for, as respondents carrier and employer concede, there was evidence which, if credited, would have warranted a finding of occupational disease. (See *Matter of Buchanan* v. *Bethlehem Steel Co.*, 278 App. Div. 594, affd. 302 N. Y. 848.) If the board intended to hold that heavy lifting, if it did in fact occur, would not, as a matter of law, meet the "distinctive feature" test, the board's legal conclusion in that respect was in error. If, however, the board intended to hold that it did not credit the lay or medical evidence tending to connect the back condition to the work, its disallowance of the claim would have to be sustained. Remittal is required for clarification of the findings. Decision reversed, with costs to appellant, and matter remitted for further proceedings not inconsistent herewith. Herlihy. Taylor, Aulisi and Hamm, JJ., concur.